CHARLES E. OEHLERT *vs.* THERESA U. OEHLERT.

Worcester.   June 23, 1919. — September 11, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Marriage and Divorce.   Judgment.*

Where a divorce *nisi* was granted during the great war to one born in Germany, who filed his petition to become a citizen of the United States before the declaration of Congress that a state of war existed between the Imperial German Government and the United States but was naturalized by a decree made after that declaration, and where his libel for divorce was filed after the decree admitting him to citizenship, it is not open to the libellee to contend that the decree of divorce is invalid by reason of the fact that the libellant was naturalized unlawfully on an application made during the existence of the war, because the decree admitting the libellant to citizenship is conclusive as to all matters necessarily before the court that made it and involved in the issue, and can be impeached or annulled only by a direct proceeding brought for that purpose.

LIBEL FOR DIVORCE, filed on November 22, 1917, charging adultery and praying for a divorce from the bond of matrimony and for the custody of a minor child about two years old.

The case was heard by *Wait*, J., who granted a decree *nisi* to the libellant and awarded him the custody of the minor child, and further decreed that no alimony should be awarded to the libellee. The judge reported the case for determination by this court on the facts which are stated in the opinion.  If the decree *nisi* was valid, it was to stand with the accompanying orders; if not, such order was to be made as justice required.

U. S. Rev. Sts. § 2171, begins as follows: "No alien who is a native citizen or subject, or a denizen of any country, State, or sovereignty with which the United States are at war, at the time of his application, shall be then admitted to become a citizen of the United States; . . ."

The case was submitted on briefs.

*D. F. O'Connell,* for the libellee.

*G. S. Taft & W. E. Sibley,* for the libellant.

DE COURCY, J.  The trial judge granted a decree *nisi* to the libellant and reported the case to this court.  It appears that Oehlert, who was born in Germany, declared his intention of

becoming a citizen of the United States on February 11, 1913, and filed his petition on March 20, 1917, but was not admitted to citizenship until November 14, 1917, or more than seven months after the declaration of Congress that a state of war existed between the Imperial German Government and the United States (April 6, 1917). See U. S. Rev. Sts. § 2171. The single question presented by the report is whether the decree is invalid by reason of the fact that the libellant was naturalized during the continuance of the war.

It is not necessary for us to consider whether the words "the time of his application" in said § 2171 (at which time an alien whose country is at war with the United States is excluded from citizenship) mean the time of filing the petition, or the time of the hearing in court. That question was not raised in the naturalization proceedings. See *United States* v. *Meyer*, 241 Fed. Rep. 305; *In re Duus*, 245 Fed. Rep. 813. It is not open to the libellee in the present suit. When this libel was filed in the Superior Court, November 22, 1917, the libellant had been admitted to citizenship. The order of the court so admitting him was a judgment of the same dignity as any other judgment of a court having jurisdiction. It is conclusive as to all matters necessarily before the court and involved in the issue and is not open to collateral attack. *Spratt* v. *Spratt*, 4 Pet. 393. *Scott* v. *Strobach*, 49 Ala. 477, 490. 2 C. J. 1124, and cases cited. It can be impeached or annulled only by a direct proceeding brought for that purpose; which now may be an independent suit under § 15 of U. S. St. 1906, c. 3592, 34 U. S. Sts. at Large, 601. *Johannessen* v. *United States*, 225 U. S. 227.

In accordance with the terms of the report, the decree *nisi* and the accompanying orders are to stand.

*So ordered.*