(No. 30543.—
JASPER BERNARDO CALO, Appellee, *vs.* UNITED STATES OF AMERICA, Appellant.

*Opinion filed May 20, 1948.*

OTTO KERNER, JR., United States Attorney, JOHN P. LULINSKI, WILLIAM SYLVESTER WHITE, JR., and DEWEY G. HUTCHINSON, all of Chicago, for appellant.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

On May 22, 1944, the appellee, Jasper Bernardo Calo, filed a petition for naturalization in the circuit court of Winnebago County, and sought admission to citizenship of this country. Over the objection of the United States that appellee had failed to establish good moral character for a period of five years immediately preceding his petition, as required by the Nationality Act of 1940, (8 U.S.C. 707(a),) the petition was granted after a hearing on July 8, 1947. The United States brings this appeal to review that order. Appellee has filed no brief or argument in this court to meet the contentions of appellant.

That this court has jurisdiction of a direct appeal from an order granting citizenship has been firmly established. (*United States* v. *Hrasky*, 240 Ill. 560; *United States* v. *Gerstein*, 284 Ill. 174.) Thus, no question of jurisdiction presents itself.

The facts developed at the hearing on the petition show that appellee was born in Italy in the year 1891; that he immigrated to this country and was lawfully admitted for permanent residence in 1923; that he has a wife and four children in Italy, all of whom were born there, and continue to live there. His occupation given in his petition for naturalization, and as described by one of the witnesses, is that of a dairy manager. On May 23, 1947, appellee executed an affidavit before a United States naturalization examiner in which he stated that he was in the dairy business; that he owned an interest in three taverns, and in which he admitted that he had, at various times, had sexual intercourse with one Margaret Krause of Rockford, Illinois, from 1936 " up to sometime in 1946." This affidavit was introduced as evidence at the hearing without objection by appellee.

The opposition of the appellant to the granting of citizenship to appellee is predicated on the ground that ap-

pellee, within the period of five years before the filing of his petition for naturalization, has not been "a person of good moral character, attached to the principles of the United States, and well disposed to the good order and happiness of the United States," as is required by the Nationality Act of 1940. (8 U.S.C. 707(a).) This contention is based on appellee's admitted acts of adultery during the five-year period before he filed his petition for naturalization.

This precise question, as to whether or not adultery constitutes such immoral conduct as to deprive an applicant of citizenship in the United States, has not previously been before this court. The only conduct which this court has been called upon to judge has been that of petitioners who admittedly violated the Sunday-closing law for saloons. (*United States* v. *Gerstein*, 284 Ill. 174; *United States* v. *Hrasky*, 240 Ill. 560.) By the Nationality Act of 1940, upon which appellee's petition was based, good moral conduct for a period of five years immediately preceding filing of a petition is one of the necessary qualifications for citizenship. Under the standards of our country, as augmented by the decisions of this court, a person committing adultery is an immoral person. Further, the act of adultery is made a crime by our State law. (Ill. Rev. Stat. 1945, chap. 38, par. 46.) The uncontroverted facts here, show the appellee had committed adultery within five years of the time he filed his petition for naturalization. By his own admission the adultery continued even after the petition was filed. We are of the opinion that it conclusively follows that appellee has failed to show that he has maintained a good moral character within the period required by law. A petitioner for naturalization has the burden of establishing every condition upon which admission to citizenship is dependent. (*Tutun* v. *United States,* 270 U.S. 568, 70 L. ed. 738; *United States* v. *Leles,* 236 Fed. 784.) Appellee has filed no brief in this court in which he seeks

justification or explanation of his conduct in law or in fact, nor do we find any mitigating circumstances in the record.

One guilty of adultery within the five-year period is not possessed of that degree of good moral conduct contemplated by the Nationality Act. (*Estrin* v. *United States,* 80 Fed. 2d 105; *United States* v. *Unger,* 26 Fed. 2d 114; *United States* v. *Wexler,* 8 Fed. 2d 880; *In re Falck,* 24 Fed. Supp. 672; *United States* v. *Zaltzman,* 19 Fed. Supp. 305.) The granting of citizenship papers to such a person is contrary to the provisions of the statute and is illegal.

The order and decree of naturalization, of the circuit court of Winnebago County, is reversed and set aside, and the cause is remanded with directions to refuse appellee a certificate of naturalization.

*Reversed and remanded, with directions.*