**UNITED STATES ex rel. WILLUMEIT v. WATKINS.**

**No. 213, Docket 21184.**

United States Court of Appeals
Second Circuit.

Jan. 3, 1949.

774

Eugene H. Nickerson, of New York City, for appellant.

John F. X. McGohey, U. S. Atty., of New York City (Harold J. Raby, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before SWAN, AUGUSTUS N. HAND and CLARK, Circuit Judges.

SWAN, Circuit Judge:

This is an appeal by the relator from an order dismissing a writ of habeas corpus. He is in the custody of the respondent under two orders: one, an order of the Attorney General, dated May 23, 1946, ordering his removal from the United States as an alien enemy; the other a warrant of deportation, dated May 16, 1947 directing that he be deported to Germany.

From the amended petition for the writ, the return thereto and the record of the proceedings before officials of the Immigration Service, the following facts appear: The relator was born in 1905 in Lorraine, then a part of Germany. He came to the United States in 1925, on a German passport, as a quota immigrant charged to the French quota. In 1931 he was naturalized as a United States citizen by a decree of the Superior Court of Lake County, Indiana. In 1941 he crossed the border from El Paso, Texas, to Juarez, Mexico, and was allowed to re-enter three hours later upon showing his certificate of United States citizenship. In 1942 he pleaded guilty to an indictment charging violation of 50 U.S.C.A. § 34 and was sentenced to imprisonment for five years. While serving this sentence a decree was entered against him with his consent in the United States District Court for the Northern District of Illinois cancelling his certificate of naturalization on the ground that it had been obtained through fraud in that he never intended to renounce allegiance to the German Reich. He was released from imprisonment in April 1946. The following month the Attorney General ordered his removal from the United States as a dangerous alien enemy, pursuant to 50 U.S.C.A. § 21 and Presidential Proclamation No. 2655, 59 Stat. Part 2, 870. Thereafter, in October 1946, deportation proceedings were instituted against the relator, which resulted in the issuance of a warrant under date of May 16, 1947, directing his deportation on two grounds: (1) that he was deportable under 8 U.S.C.A. § 214 because at the time of his entry from Mexico in 1941 he was an immigrant not in possession of a valid immigration visa as required by 8 U.S.C.A. § 213; and (2) that he was deportable under 8 U.S.C.A. § 157 because of his conviction in 1942 of violating 50 U.S.C.A. § 34. The writ of habeas corpus was sued out in June 1947 and was dismissed in November 1947 without opinion.

Because of the appellant's poverty the court obtained through The Legal Aid Society the services of an attorney to present his case on appeal, and we wish to express our appreciation of the highly competent

and helpful manner in which Mr. Nickerson has performed this gratuitous public service.

It is urged that the appellant cannot be removed as an alien enemy because he falls within none of the categories specified in the Alien Enemy Act, 50 U.S.C.A. § 21, namely, "natives, citizens, denizens, or subjects of the hostile nation * * *" Concededly he must be considered a "native" of France. United States ex rel. Gregoire v. Watkins, 2 Cir., 164 F.2d 137. Whether the cancellation of his naturalization caused him to become again a "citizen" or a "subject" of Germany would turn upon German law, which was alleged but no proof of which was offered. But a determination of this issue is not essential if the appellant is deportable upon either of the grounds stated in the warrant of deportation.

The first ground for deportation, namely, that the appellant's entry from Mexico in 1941 was illegal because the cancellation in 1944 of the 1931 decree granting him citizenship requires that that decree be deemed to have been always a nullity so that he must be considered to have been at all times an alien rather than a United States citizen, seems highly doubtful;[1] but this issue also need not be decided in view of our conclusion as to the other ground for deportation.

The other ground is the Act of May 10, 1920 which now appears as 8 U.S. C.A. § 157. This provides that "All aliens who since August 1, 1914, have been or may hereafter be convicted" of violating 50 U.S.C.A. § 34, among other specified statutes, may be deported "if the Attorney General, after hearing, finds that such aliens are undesirable residents of the United States". At the time of the hearing before the immigration officials who found the appellant to be an undesirable resident, he was an alien by reason of the cancellation of his certificate of naturalization, although at the time of his conviction under 50 U.S.C.A. § 34 he was a naturalized citizen. This is precisely the same situation as this court passed upon in United States ex rel. Eichenlaub v. Watkins, 2 Cir., 167

F.2d 659, and in that case certiorari was denied, 69 S.Ct. 137. The appellant asks us to reconsider the Eichenlaub decision and makes a cogent argument to prove that we were in error in construing § 157 to authorize the deportation of an alien who was a naturalized citizen when he committed the crime which rendered him an "undesirable resident." But our construction of the statute was not so plainly erroneous as to induce the Supreme Court to grant certiorari. Nor have we been convinced by further argument that Congress did not intend the statute to cover such cases as Eichenlaub's and the appellant's. The Act is concerned with the deportation of "undesirable" aliens; the appellant is an alien, and by reason of his conviction may be found to be an "undesirable resident" of the United States whether he was an alien or a citizen when the crime was committed. On the authority of the Eichenlaub case the order is affirmed.

---

[1] See note 6 A.L.R. 406 and cases there cited.