JOAQUINA GONSALVES MARQUES, petitioner.

Bristol.   December 8, 1960. — February 3, 1961.

Present: WILKINS, C.J., SPALDING, WILLIAMS, CUTTER, & KIRK, JJ.

*Naturalization.   Jurisdiction,* Naturalization, Supreme Judicial Court.
   *Words, "Child."*

A petition by a citizen of the United States for naturalization of her
   daughter, a girl under the age of eighteen years, unmarried, and quali-
   fied for citizenship at the time of the filing of the petition and still
   under that age and otherwise qualified at the time of the hearing of the
   petition, except that she was then married to an unnaturalized alien,
   was properly denied under 8 U. S. C. (1958) § 1101 (a) (23), § 1101
   (c) (1), and § 1433.   [716]
This court has appellate jurisdiction in a proceeding for naturalization
   brought in the Superior Court under 8 U. S. C. (1958) § 1421 (a);
   G. L. c. 220, § 15.   [717]

PETITION filed in the Superior Court on March 25, 1959.
The case was heard by *Smith, J.*

*Martin T. Camacho,* for the petitioner.

*George C. Caner, Jr.,* Assistant United States Attorney,
for Immigration and Naturalization Service, United States
of America.

WILKINS, C.J.   The petitioner, a citizen of the United
States of America, is the mother of Adelaide da Conceicao
Gonsalves Marques.   On March 25, 1959, pursuant to § 322
of the Immigration and Nationality Act of 1952, 8 U. S. C.
(1958) § 1433, she filed this petition in the Superior Court
for the naturalization of Adelaide, who at the time was an
unemancipated minor child.   The case was heard in the
Superior Court on September 25, 1959.   In the interval
after the filing of the petition Adelaide had on May 2, 1959,
married an unnaturalized alien.   The judge denied the
petition and reported the case.

In his report the judge stated that at the time of filing
the petition Adelaide was under eighteen years of age and
qualified for citizenship.   At the time of the hearing she

was still under the age of eighteen years and otherwise qualified for naturalization, except that she was married.

Section 322 provides in part: "A child born outside of the United States, one or both of whose parents is at the time of petitioning for the naturalization of the child a citizen of the United States, either by birth or naturalization, may be naturalized if under the age of eighteen years and not otherwise disqualified from becoming a citizen by reason of" certain specified sections of the statute. 8 U. S. C. (1958) § 1433. The word "child" as used in § 322 "means an unmarried person under twenty-one years of age . . . ." Section 101 (c) (1) of the act, 8 U. S. C. (1958) § 1101 (c) (1). " '[N]aturalization' means the conferring of nationality of a state upon a person after birth, by any means whatsoever." Section 101 (a) (23) of the act, 8 U. S. C. (1958) § 1101 (a) (23).

A careful reading of these statutory provisions demonstrates the correctness of the decision in the court below. The purpose of the petition is the naturalization of a child. Naturalization is not conferred by the mere filing of a petition. The only requirement as to which the time of petitioning is made decisive is the citizenship of at least one of the parents. That reference to the time of petitioning would have been unnecessary had such time been significant in fixing the status of the parties in other respects. It does not satisfy the statute to meet the statutory definition of child when the petition is filed. The one upon whom nationality is conferred under § 322 must at the moment nationality is conferred be a child as defined in § 101 (c) (1). The plain language of Congress precludes any contention that the decision below engrafted an exception upon the act.

The trial judge denied the petition on the authority of *Apilado, petitioner* (5th Cir. Hawaii, decided July 17, 1958), a copy of which is annexed to his report. The facts of that case are identical with those in the case at bar.

Federal cases with analogous factual situations are in accord. *In re Bonner,* 279 Fed. 789, 790 (D. Mont.). *In re Noland,* 185 F. Supp. 948, 951–952 (D. Neb.). See *In re Fordiani,* 98 Conn. 435, 438, 439.

If there be support for the suggestion made in the petitioner's brief that the statute, as interpreted, derogates from the institution of marriage, the appropriate forum for complaint is Congress.

Since this case is one of first impression in this Commonwealth, it is desirable to record the source of jurisdiction of our courts. As stated in the brief of the Immigration and Naturalization Service, the Superior Court's jurisdiction to naturalize is derived from § 310 (a) of the Immigration and Nationality Act of 1952. 8 U. S. C. (1958) § 1421 (a).[1] Our Legislature has enacted that "The supreme judicial court and the superior court shall have jurisdiction to naturalize aliens resident within their respective judicial districts in the manner set forth in the federal laws relative to naturalization." G. L. (Ter. Ed.) c. 220, § 15. This includes appellate jurisdiction of the Supreme Judicial Court. *Tutun* v. *United States*, 270 U. S. 568. *In re Bogunovic*, 18 Cal. 2d 160, 161–162. *In re Fordiani*, 98 Conn. 435, 440–446. *Calo* v. *United States*, 400 Ill. 329, 330.

*Petition dismissed.*

---

[1] "Exclusive jurisdiction to naturalize persons as citizens of the United States is conferred upon the following specified courts: . . . all courts of record in any State . . . having a seal, a clerk, and jurisdiction in actions at law or equity, or law and equity, in which the amount in controversy is unlimited. . . ."