In the Matter of the Petition for Naturalization of HILDA ZIMMERMAN.

Supreme Court, Trial Term, Suffolk County, December 7, 1966.

*Carl C. Banno* for petitioner. *Leonard Leopold* for United States Immigration and Naturalization Service.

HENRY TASKER, J. Petitioner's application to this court to be naturalized under the provisions of subdivision (a) of section 319 of the Immigration and Nationality Act (U. S.

Code, tit. 8, § 1430, subd. [a]) is opposed by the Immigration and Naturalization Service, United States Department of Justice upon the ground hereinafter set forth.

Her application for naturalization is based on a three-year residence period in the United States, by virtue of her marriage to a citizen for the stated period. Petitioner, a citizen of the Federal Republic of Germany, married Richard P. Zimmerman, a United States citizen by birth. She was admitted to this country for permanent residence on September 8, 1962 and thereafter resided with her citizen spouse at various places in the United States, most recently at Westhampton Beach, New York, until the filing of the petition at bar on March 9, 1966. Petitioner's husband died on May 5, 1966; she is presently a widow.

A stipulation of agreed facts concedes that petitioner has satisfied all of the requirements of subdivision (a) of section 1427 of title 8 of the United States Code as to good moral character, attachment to the principles of the Constitution of the United States, favorable disposition to the good order and happiness of the United States, and that she is, except for the required period of residence, in all respects qualified for citizenship.

Petitioner, as the wife of an American citizen, sought to advantage herself of the three-year residence requirement contained in subdivision (a) of section 1430 of title 8 of the United States Code. The effect of this provision is to permit naturalization after only three years of residence if the petitioner has lived in marital union with the citizen spouse during the three-year period immediately preceding the filing of the petition. Petitioner was widowed subsequent to the filing of her petition and the conducting of the preliminary examination (U. S. Code, tit. 8, § 1446) but prior to the final hearing upon the petition (U. S. Code, tit. 8, § 1447). Accordingly, the Government contends that she is no longer a married person whose spouse is a citizen of the United States; that she is no longer eligible under the shortened residence provision; and that her petition must be denied, solely upon the ground of failure to fulfill the residence requirement.

With the exception of the cases hereafter cited, there is no judicial authority on the question. Likewise, neither the legislative history of the Immigration and Nationality Act, nor the comprehensive 1950 Report of the Senate Committee on the Judiciary (Senate Report No. 1515, 81st Congress, 1950, 925 pages), provides enlightenment as to the intent of Congress in this area.

The crucial language of the statute is as follows: "§ 1430. Married persons. (a) Any person *whose spouse* is a *citizen* of the United States *may be naturalized* upon compliance with *all the requirements* of this subchapter except the provisions of paragraph (1) of section 1427 (a) of this title if such person" (emphasis supplied).

Careful analysis thereof connotes a requirement of existence of the marital status at the time of naturalization, i.e., the making of the final order contemplated by subdivision (a) of section 1447 of title 8 of the United States Code. The provisions of section 1427 (subd. [a], par. [2]) of title 8 of the United States Code relating to residence within the United States from the date of filing of the petition to the time of admission to citizenship (which requirement is also applicable to persons making application under subdivision (a) of section 1430), likewise mandate the conclusion that the petitioner must maintain the spousal status up to the time of actual admission to citizenship.

The only authority directly in point, *Matter of Noland* (185 F. Supp. 948 [U. S. Dist. Ct., Neb., 1960]), explicitly so holds. Likewise, in construing a similar provision contained in section 1433 of title 8 of the United States Code, with respect to the continued residence of a child with the parent between the filing of the petition and the entry of a final order. *Petition of Marques* (341 Mass. 715 [1961]) holds that the qualifying status must continue until the time the petitioner is admitted to citizenship. This court is constrained to follow the cited decisions.

The court is aware that petitioner, through no act or volition of her own, is deprived of the immediate opportunity to become an American citizen. However, as stated in *Matter of Noland* (*supra*), the court may not, by construction, provide relief contrary to the plain intendment of the statute. Petitioner's remedy lies with the Congress, not with the judiciary. The court notes that petitioner became a resident of the United States in September of 1962, and will be eligible for naturalization under subdivision (a) of section 1427 of title 8 of the United States Code in September of 1967.

Applicant's petition for naturalization is denied upon the sole ground that she had not, at the time of the final hearing hereon, the requisite length of residence mandated by the Immigration and Nationality Act.