**Ghada ALI, Petitioner,**

v.

**Richard SMITH, Director of Immigration and Naturalization Service, et al., Respondents.**

**No. C99–131Z.**

United States District Court, W.D. Washington.

March 22, 1999.

Amy Kratz, Northwest Immigrant Rights Project, Seattle WA, for petitioner.

Katrina C. Pflaumer, U.S. Attorney, Christopher L. Pickrell, Assistant U.S. Attorney, Seattle WA, David W. Ogden, Acting Assistant Attorney General, DOJ Civil Division, Steven J. Kim, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington DC, for respondents.

## ORDER

ZILLY, District Judge.

This matter comes before the Court on a petition for review of the denial of a naturalization application, docket no. 1. Having considered the petition and all the materials filed in support and in opposition, the Court hereby GRANTS the petition.

## BACKGROUND

The facts in this case are undisputed. Petitioner Ghada Ali married United States citizen Mohamed Alsamarrie in Jordan on May 3, 1994. A week later, as the spouse of a United States citizen, petitioner was admitted to the United States as a lawful permanent resident. On July 18, 1997, Ms. Ali filed an application for naturalization pursuant to 8 U.S.C. § 1430(a).

Five weeks later, on August 28, 1997, Ms. Ali separated from her husband because of domestic violence against herself and the couple's daughter. Ms. Ali and Mr. Alsamarrie are still legally married; the final hearing on their dissolution action is set for March 25, 1999.

Ten months after Ms. Ali filed her application, on May 13, 1998, the Immigration and Naturalization Service ("INS") conducted a naturalization interview with petitioner. In this interview, Ms. Ali passed the English language and American history examinations, and satisfactorily established her good moral character and attachment to the principles of the United States. The INS deferred its decision on her application, however, and asked for a copy of her husband's passport, which she provided shortly thereafter. On October 1, 1998, the INS District Director denied her naturalization application because Ms. Ali was separated from her husband and was actively seeking a divorce. The District Director denied Ms. Ali's request for reconsideration of this decision. Ms. Ali then filed the instant petition for review of denial of application for naturalization.

## DISCUSSION

This Court has jurisdiction to conduct a de novo review of the denial of Ms. Ali's application pursuant to 8 U.S.C. § 1421(c). Section 1430(a) of Title 8 sets forth the requirements for naturalization of the spouse of a United States citizen:

(a) Any person whose spouse is a citizen of the United States may be naturalized upon compliance with all the requirements of this subchapter except the provisions of paragraph (1) of section 1427(a) of this title if such person immediately preceding the date of filing his application for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least three years, and during the three years immediately preceding the date of filing his application has been living in marital union with the citizen spouse, who has been a United States citizen during all of such period, and has been physically present in the United States for periods totaling at least half of that time and has resided within the State or the district of the Service in the United States in which the applicant filed his application for at least three months.

8 U.S.C. § 1430. The INS contends that Ali is ineligible for naturalization, based on regulations requiring that she live in marital union for the three years preceding her naturalization hearing and rendering an applicant ineligible if evidence signifies the

dissolution of the marital union. The case presents a discrete question of law: whether the INS can deny a naturalization application filed pursuant to 8 U.S.C. § 1430(a) if the applicant ceases living with her citizen spouse before she is granted naturalization but after she files her application.

In denying Ms. Ali's application, the INS relies on 8 C.F.R. § 319.1(a)(3), which requires the applicant to have "been living in marital union with the citizen spouse for the three years *preceding the date of examination on the application*" (emphasis added). This regulation, however, contradicts the plain language of the statute, which requires that an applicant "during the three years *immediately preceding the date of filing his application* has been living in marital union with the citizen spouse." 8 U.S.C. § 1430(a) (emphasis added). Deference to the agency interpretation of the statute is not required in this case. This deference is only required pursuant to *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), when Congress has not already addressed the issue directly. *Id.* at 842–43, 104 S.Ct. 2778. In this case, however, Congress has addressed the required duration for living in marital union: to hold otherwise would render superfluous the statutory language "during the three years immediately preceding the date of filing his application." 8 U.S.C. § 1430(a). "Where an administrative regulation conflicts with a statute, the statute controls." *United States v. Doe*, 701 F.2d 819, 823 (9th Cir.1983). It is undisputed that petitioner Ali was residing in marital union until August 28, 1997, six weeks after she filed her application for naturalization. Under the plain language of the statute, Ms. Ali cannot be denied naturalization because she ceased living in marital union with her citizen spouse after filing her application.

The INS also argues that because the statute requires *marriage* to a citizen spouse at the time of naturalization, the INS regulations requiring the applicant to continue to reside in marital union until the hearing on their application are permissible. *See* 8 C.F.R. § 319.1(b)(2) (providing for case-by-case determination of whether an informal separation signifies dissolution of the marital union, and therefore ineligibility for naturalization as citizen-spouse). It is undisputed that the statute requires marriage at the time the naturalization is granted. *See In Matter of Lee*, 480 F.2d 673 (2d Cir.1973); *In re Zimmerman*, 52 Misc.2d 502, 276 N.Y.S.2d 46 (N.Y.Sup.Ct.1966). The requirement that the marriage continue until naturalization comes from the first few words of the statutory provision: "Any person whose *spouse* is a citizen of the United States may be naturalized ..." 8 U.S.C. § 1430(a). Once an individual is divorced, she is by definition no longer the "spouse" of a citizen, and she is therefore outside the purview of the statute. *Lee*, 480 F.2d at 675. The fact that an individual no longer resides with her husband, however, does not change her legal status as "spouse" of a citizen. The express statutory language requires an applicant to reside with her spouse "during the three years immediately preceding the date of filing his application," and to maintain the legal status of spouse of a United States citizen until naturalization is granted. 8 U.S.C. § 1430(a). Ms. Ali meets these statutory criteria, and is therefore entitled to naturalization. The regulations impermissibly conflating the two requirements do not control.

Finally, the Court rejects the INS' argument that 8 U.S.C. § 1430(a) only sets forth the minimum requirements for naturalization, and therefore that the petitioner cannot claim an entitlement to naturalization. The agency's own regulations undercut its position: "The Service officer shall grant the application if the applicant has complied with all requirements for naturalization under this chapter." 8 C.F.R. § 335.3(a). The case law on this subject also refutes the government's argument. *See Tutun v. United States*, 270 U.S. 568,

578, 46 S.Ct. 425, 70 L.Ed. 738 (1926) ("there is a statutory right in the alien to submit his petition, ... and, if the requisite facts are established, to receive the certificate."). Finally, the statutory scheme providing for judicial de novo review of agency denial of naturalization and requiring the court to make its own findings of fact and conclusions of law demonstrates that the INS is not free to deny an application for naturalization when the application meets all statutory requirements. *See* 8 U.S.C. § 1421(c).

CONCLUSION

After reviewing the matter de novo, the Court concludes that the INS cannot deny a naturalization application under 8 U.S.C. § 1430(a) solely because the applicant ceases to reside in marital union with her citizen spouse prior to naturalization but after filing the application. The Court therefore GRANTS the petitioner naturalization.

IT IS SO ORDERED.