PETER A. KELLY *v.* MICHAEL DEARINGTON ET AL.
(8931)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued September 25—decision released December 25, 1990

*Peter A. Kelly,* the appellant (plaintiff).

*Julia DiCocco Dewey,* with whom, on the brief, were *John J. Kelly,* chief state's attorney, and *Michael Dearington,* state's attorney, for the appellees (defendants).

DUPONT, C. J. The dispositive issue of this appeal is whether the plaintiff had standing to obtain the relief sought in his complaint.

The parties stipulated to certain facts. The plaintiff, an attorney, was assigned to represent David Mooney, who was facing criminal charges in the New Haven

Superior Court. Before the trial, the plaintiff presented an application for an arrest warrant drafted by him, to the defendant Michael Dearington, the state's attorney for New Haven.[1] The application sought the arrest, on perjury charges, of Mark Allen, a codefendant of Mooney. Allen was also to be the state's key witness in the prosecution of Mooney. The defendant Dearington returned the application to the plaintiff, citing the plaintiff's partiality and the lack of an adequate investigation for an arrest warrant application by an impartial agency, such as a police department. The plaintiff, because of the defendant Dearington's alleged conflict of interest, then forwarded the application to the defendant John Kelly, the chief state's attorney, requesting that he act on the application.[2] Kelly also returned the application to the plaintiff, and advised him in writing that he found no evidence of a conflict of interest on the part of Dearington. Kelly also stated that Dearington had not abused his discretion by failing to initiate a prosecution, and that the plaintiff's application and affidavit were insufficient to sustain probable cause for an arrest.

The plaintiff sought a writ of mandamus from the trial court to order Kelly to submit the application for the arrest warrant to another prosecuting authority for a fair and impartial review. In the alternative, the plaintiff sought the appointment by the trial court of a special prosecutor to determine whether the application evidenced probable cause to believe a crime had been committed. The trial court denied the relief of mandamus on the grounds that neither of the two defendants had a clear legal duty to perform the action sought by the plaintiff, and that the plaintiff had no clear legal

---

[1] The trial of David Mooney had been assigned to an assistant state's attorney in the state's attorney's office for New Haven.

[2] The defendants in this decision are referred to as Dearington and Kelly. The plaintiff, Peter Kelly, is referred to as the plaintiff.

right to a performance by the defendants of the action sought. Additionally, the trial court concluded that the plaintiff failed to prove he had any equitable, compelling, or constitutional right to any other relief.

The plaintiff raises two claims on appeal. First, he challenges the trial court's finding that the application for the arrest warrant was reviewed by Kelly. Second, he disputes the court's conclusion that Dearington had no conflict of interest. The plaintiff, therefore, does not claim on appeal, as he did in the trial court, that he was entitled to the appointment by the trial court of a special prosecutor to determine whether the warrant application established probable cause to believe that a crime had been committed.[3]

The defendants contend that a prosecutor's discretionary functions include the act of reviewing an application for an arrest warrant, and that, therefore, a prosecutor cannot be forced to review an application. The defendants further argue that, even if the review of the application were not discretionary, the application was in fact reviewed by Kelly.

Before reaching the merits of the plaintiff's claims, we must decide whether the plaintiff has standing to pursue the relief sought in his complaint because the

---

[3] Although we need not reach this issue, it is problematic whether the trial court has the power to grant the relief requested because of the separation of powers doctrine. The constitution of Connecticut, amendment twenty-three, vests the prosecutorial power exclusively in the executive branch and specifically with the chief state's attorney and the state's attorney for each judicial district. Thus, the courts may lack the power to oversee and direct the prosecutorial process. *Inmates of Attica Correctional Facility* v. *Rockefeller,* 477 F.2d 375, 379 (2d Cir. 1973); *Newman* v. *United States,* 382 F.2d 479, 481, 482 n.9 (D.C. Cir. 1967); *United States* v. *Cox,* 342 F.2d 167, 171 (5th Cir), cert. denied sub nom. *Cox* v. *Hauberg,* 381 U.S. 935, 85 S. Ct. 1767, 14 L. Ed. 2d 700 (1965); see also Note, "Reviewability of Prosecutorial Discretion: Failure to Prosecute," 75 Colum. L. Rev. 130 (1975).

issue of standing implicates this court's subject matter jurisdiction and "must be addressed" even if not raised at trial or upon appeal. *Planning & Zoning Commission* v. *Gaal*, 9 Conn. App. 538, 542, 520 A.2d 246, cert. denied, 203 Conn. 803, 522 A.2d 294 (1987). The plaintiff here mounts a challenge to prosecutorial inaction, as opposed to prosecutorial selective action.[4] The question here is whether the plaintiff, as counsel for a defendant in a related criminal case, has standing, in the absence of specific legislation,[5] to force the review of an arrest warrant application.

Standing to pursue a particular action focuses on the party seeking to bring his complaint before the court and not on the issues that he raises. Id., 543. "When standing is put in issue, the question is whether the person whose standing is challenged is a *proper party to request an adjudication of the issue* and not whether the controversy is otherwise justiciable . . . ." (Emphasis added.) *Mystic Marinelife Aquarium, Inc.* v. *Gill*, 175 Conn. 483, 492, 400 A.2d 726 (1978).

To be entitled to invoke the judicial process, a party must have suffered an aggrievement. Id. "The fundamental test for determining aggrievement encom-

---

[4] A claim of prosecutorial misconduct arising out of selective enforcement of laws directly concerns the target of the enforcement, thereby giving him standing to complain. *State* v. *Anonymous (1980-7)*, 36 Conn. Sup. 338, 340, 420 A.2d 910 (1980).

[5] Legislative bodies have enacted some statutes providing citizens with specific recourse in the event of judicial or administrative inaction. See H. Brill, "The Citizen's Relief Against Inactive Federal Officials: Case Studies in Mandamus, Actions 'In the Nature of Mandamus,' and Mandatory Injunctions," 16 Akron L. Rev. 339 (1983). For example, in Connecticut, a victim of a family violence incident has the right, pursuant to General Statutes § 46b-38b (d), to file an affidavit or a warrant for the arrest of the actor in such an incident regardless of whether the peace officer investigating the incident determines that cause exists for an arrest. In the present case there is no statute that would provide the plaintiff with standing to pursue his cause of action.

passes a well-settled twofold determination: first, 'the party claiming aggrievement must successfully demonstrate a specific, personal and legal interest in the subject matter of the decision, as distinguished from a general interest, such as is the concern of all members of the community as a whole. Second, the party claiming aggrievement must successfully establish that this specific personal and legal interest has been specially and injuriously affected by the decision.' *Nader* v. *Altermatt*, 166 Conn. 43, 51, 347 A.2d 89 [1974], and cases therein cited." *Mystic Marinelife Aquarium, Inc.* v. *Gill*, supra, 493; see also *Monroe* v. *Horwitch*, 215 Conn. 469, 473, 576 A.2d 1280 (1990).

The United States Supreme Court in *Linda R. S.* v. *Richard D.*, 410 U.S. 614, 615, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973), affirmed the lower court's dismissal of the case for want of standing of a private citizen to bring suit to enjoin the "discriminatory application" of the Texas penal code. The court held that the plaintiff failed to make a sufficient showing of a direct nexus between the vindication of her interest, namely the receipt of child support payments, and the relief sought, namely the enforcement of the Texas criminal laws. The relief requested by that plaintiff would have resulted in the jailing of the child's father but would not have given the plaintiff child support payments. Id., 618–19. The court stated that "a [private] citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." Id., 619. That is because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Id.; see also S. Green, "Private Challenges to Prosecutorial Inaction: A Model Declaratory Judgment Statute," 97 Yale L. J. 488 (1988); note, "Reviewability of Prosecutorial Discretion: Failure to Prosecute," 75 Colum. L. Rev. 130 (1975).

Several other courts have found that a private citizen plaintiff lacks standing to compel a prosecution. In *Dohaish* v. *Tooley,* 670 F.2d 934 (10th Cir.), cert. denied, 459 U.S. 826, 103 S. Ct. 60, 74 L. Ed. 2d 63 (1982), a father sought to compel the state's attorney to prosecute a man who allegedly killed his son. The court dismissed for lack of standing, holding that an "ordinary citizen does not have a general interest justifying a lawsuit based on the criminal prosecution or non-prosecution of another." Id., 937. The court further held that such a right is not recognized in the law and then reasoned that it would contravene public policy "to allow every private citizen to force the prosecutor to proceed with a case in pursuit of a private objective." Id. A prosecutor swears to uphold the law generally and does not have a duty to enforce the law for the purpose of satisfying a third person who has no direct legal interest. Id.; see also *Nader* v. *Saxbe,* 497 F.2d 676, 680 (D.C. Cir. 1974); *Pugach* v. *Klein,* 193 F. Sup. 630, 635 (S.D.N.Y. 1961), cert. denied sub nom. *Pugach* v. *New York,* 374 U.S. 838, 83 S. Ct. 1890, 10 L. Ed. 2d 1059 (1963); cf. *NAACP* v. *Levi,* 418 F. Sup. 1109 (D.D.C. 1976).

Although courts recently have expanded the categories of injury that support standing, the fundamental requirement that the party seeking review must himself have suffered an injury has not been eliminated. *Mystic Marinelife Aquarium, Inc.* v. *Gill,* supra. In the present case, the plaintiff, as a private citizen and as counsel for Mooney, has not demonstrated a specific, personal and legal interest that has been specially and injuriously affected by Kelly's alleged failure to review the arrest warrant application. Neither the plaintiff nor Mooney has suffered a judicially cognizable injury. Mooney himself has suffered, at best, an abstract and speculative injury because it cannot be known what impact the arrest of Allen for perjury would have had on Mooney's trial.

Even if the plaintiff established the existence of an injury, this satisfies only half of the aggrievement test because a plaintiff must also show "a logical nexus between the status [injury] asserted and the claim sought to be adjudicated." *Flast* v. *Cohen,* 392 U.S. 83, 102, 88 S. Ct. 1942, 20 L. Ed. 2d 947 (1968); see also *Linda R. S.* v. *Richard D.,* supra, 618. Here, the plaintiff has made no showing that Kelly's alleged failure to review the arrest warrant application would deprive Mooney of ammunition to attack the credibility of Allen during Mooney's trial.[6] In this case, the direct nexus between the alleged injury and the relief sought is absent.

We conclude that the plaintiff lacks standing.

The appeal is dismissed.

In this opinion the other judges concurred.

---

[6] In his brief, the plaintiff describes the alleged injury and the effect of it as follows: "In order to convict Mooney, the jury would have to believe the testimony of Allen. And Allen's credibility would have been seriously damaged, if not destroyed, had the state's attorney sought a warrant for his arrest on perjury charges on the eve of trial—not to mention the chilling effect such action would have had on Allen's willingness to testify against Mooney at all."