[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 16, 1991 by agreement, Charles, born November 3, 1984, was committed to the Department of Children and Youth Services (DCYS) as uncared-for. Gen. Stat. secs.46b-120; 46b-129. The father is unknown. Based solely on a formal consent, the court on May 15, 1991 terminated the parental rights of the mother to her son Charles. Sec. 17a-112.
On December 20, 1991 after a seven month lapse, the mother filed a petition for Writ of Habeas Corpus; secs.52-466; 46b-1. On January 13, 1992 the state filed a Motion to Quash asserting the court lacks subject matter jurisdiction over the habeas corpus writ. Practice Book 532. The assertion is based on the finality of a termination judgment reducing the mother to the status of terminated parent without standing to file this Writ. Sec. 45a-707(g); Kelly v. Dearington, 23 Conn. App. 657,583 A.2d 937 (1990).
The allegations of the Writ are deemed admitted for CT Page 3586 the purpose of a motion to quash. Practice Book Sec. 532. The Writ can be divided into two parts: Paragraphs 10-12 relate to the current best interest of the child, the usual basis for these petitions. However, paragraphs 6-9 assert a lack of subject matter jurisdiction in the termination proceeding on the narrow ground that the mother had not voluntarily and knowingly consented to termination. The mother with a tenth grade education claims she succumbed to undue influence exercised outside the courtroom when she was emotionally upset. Her legal situation is analagous to a claim of ineffective assertions of counsel rather than an attempt to by-pass usual procedures. Cf. State v. Leecan, 198 Conn. 517, 541-542, 504 A.2d 480 (1986). If no jurisdiction, the termination proceeding was ineffective. Sec. 17a-112.
The petitioner presents herself as the natural mother whose child is merely in the temporary custody/guardianship of DCYS. McGaffin v. Roberts, 193 Conn. 393, 479 A.2d 176 (1984).
Consequently, the standing of a terminated parent to file a petition of Writ of Habeas Corpus is not yet at issue. Without addressing the best interest of the child, the procedural facts for May 15th must be determined. A Superior Court case decided by Judge Francis X. Hennessy is persuasive on the distinction. Doe v. Catholic Family Services, Inc.,36 Conn. Sup. 93 (1979).
The clerk is requested to assign this case for hearing on the limited issue of status as soon as convenient for counsel as almost one year has passed since termination judgment. These proceedings delay any finality in the life of this child.
The motion to quash is denied, without prejudice. P.B. Sec. 145.
SAMUEL S. GOLDSTEIN JUDGE, SUPERIOR COURT