[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 660
This action is for civil and criminal malicious prosecution and intentional infliction of emotional distress, brought by the plaintiff, William Clark, against his ex-wife, defendant Susan Ferris. The revised complaint, dated January 22, 1993, alleges that in January, 1991, the defendant called the Greenwich Police Department to complain about harassing phone calls; that the police arrested the plaintiff as a result of the complaints and statements; that all charges against the plaintiff were dismissed; that the charges were false and made with malice and without probable cause; and that the charges caused the plaintiff humiliation, disgrace, mental anguish and physical discomfort. The plaintiff seeks monetary and punitive damages, costs and attorney's fees.
On February 2, 1993, the defendant filed five special defenses, asserting that: the statute of limitations bars plaintiff's claims; plaintiff fails to state a cause of action; plaintiff's claims are barred by res judicata and/or collateral estoppel; the defendant was not a determinative factor in the arrest of plaintiff; and that even if plaintiff shows that he was falsely arrested, the defendant was justified in calling the police and is immune from liability for malicious prosecution. On February 12, 1993, the plaintiff filed an answer to the defendant's special defenses.
On September 22, 1993, the defendant filed the present motion for summary judgment on the ground that there is no genuine issue of material fact as to any of plaintiff's claims. In support of her motion, the defendant submitted a copy of the New York Telephone line identification form which was completed by the phone company; a copy of a form entitled "annoyance call report" from New York Telephone; an authorization form for the line identification signed by the defendant wherein she agreed to prosecute the individual(s) involved; a letter from New York telephone to the defendant outlining the procedure she was to follow to have her calls traced; a copy of the trace information log kept by the defendant; a copy of the plaintiff's incident/report; a copy of the transcript of the plaintiff's criminal proceeding for harassment; copies of derogatory letters plaintiff sent to various individuals, including the members of the First Presbyterian Church, an alderman for the Town of Greenwich, and the defendant's co-worker; and the affidavits of CT Page 661 Lieutenant James Walters, Shirley Elliott, and the defendant herself, which authenticate the documents submitted in accordance with Practice Book 380. The plaintiff filed a memorandum in opposition to the motion for summary judgment on November 12, 1993, accompanied by his own affidavit. The defendant filed a reply to the plaintiff's affidavit on November 22, 1993, to which the plaintiff replied by submitting another affidavit, dated December 9, 1993.
"[Summary judgment shall be rendered forthwith if the pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Wadia Enterprises v. Hirschfeld, 240, 247, 618 A.2d 506 (1992). A material fact is one that will make a difference in the result of a case. Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). "`The test is whether a party would be entitled to a directed verdict on the same facts.'" Id., quoting State v. Groggin, 208 Conn. 606, 616, 546 A.2d 250
(1988).
"[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." (Citation omitted; internal quotation marks omitted.) Connecticut Bank 
Trust Co. v. Carriage Lane Associates, 219 Conn. 772, 780-81,595 A.2d 334 (1991). However, if the evidence presented is sufficient, it is "not rebutted by the bald statement that an issue of fact foes exist." (Citations omitted; internal quotation marks omitted.) Hammer v. Lumberman's Mutual Casualty Co., supra, 579. In deciding such a motion, the court must view the evidence in the light most favorable to the non moving party. Connecticut Bank Trust Co. v. Carriage Lane Associates, supra.
The plaintiff claims, in the same count, that the defendant has committed the tort of malicious prosecution and the crime of malicious prosecution.
General Statutes 53-59, the criminal statute on malicious prosecution, provides that "[a]ny person who falsely prosecutes another for any criminal charge, without probable cause and with malicious intent unjustly to vex and trouble him, shall be fined not more than one hundred dollars or imprisoned not mroe [more] than one year." The state is the proper party to bring a criminal prosecution. CT Page 662
The Appellate Court concluded that a private party did not have standing to compel a criminal action when faced with the issue of "whether the plaintiff, as counsel for a defendant in a related criminal case has standing, in the absence of specific legislation, to force the review of an arrest warrant application." Kelly v. Dearington, 23 Conn. App. 657, 60,583 A.2d 937 (1990). "`[A] private citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution.'" Id., 661, quoting Kinda R.S. v. Richard D., 410 U.S. 614, 615,93 S.Ct. 1146, 35 L.Ed.2d 536 (1973). "`[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.'" Id.
The plaintiff is not presently being prosecuted, nor is there any indication of a threat of prosecution. Rather, the documentary evidence submitted in support of summary judgment indicates that the prosecutor entered a nolle and plaintiff's case was then dismissed over two years ago. Unlike the plaintiff in Kelly, this plaintiff does not seek a writ of mandamus to compel the prosecutor to do anything, but rather apparently wishes to himself charge the defendant with a crime. Furthermore, the plaintiff has not shown a "direct nexus between the alleged injury and the relief sought. . ." Kelly v. Dearington, supra. The plaintiff is seeking monetary damages, punitive damages and attorney's fees for the criminal action, and fining the defendant or putting her in prison would not accomplish this. The plaintiff does not have standing to bring a criminal action for malicious prosecution.
As for the plaintiff's allegations of civil malicious prosecution, the defendant argues that the undisputed facts fail to support each element required to sustain such a claim. In response, the plaintiff claims that the pleadings are not closed,[1]
that the defendant has not responded to his request for production of documents, and that factual issues exist as to whether the crime of harassment was actually committed, and as to whether the defendant acted knowingly and maliciously in alleging that a crime was committed and in furthering the prosecution of such crime.
"The elements of [civil] malicious prosecution are that `(1) the defendant initiated or procured the institution of criminal proceedings against the plaintiff; (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with CT Page 663 malice, primarily for a purpose other than that of bringing an offender to justice." McHale v. W.B.S. Corp. of America,8 CSCR 402 (March 22, 1993, Spallone, J.)
 The policy of encouraging private citizens to assist in law enforcement is vindicated, in the law of malicious prosecution, by providing a limited immunity in the form of the first element that the plaintiff must prove to maintain his cause of action. A private person can be said to have initiated a criminal proceeding if he has insisted that the plaintiff should be prosecuted, that is, he has brought pressure of any kind to bear upon the public officer's decision to commence the prosecution. Fattone v. DeDominico, 161 Conn. 576, 577, 290 A.2d 324
(1971); Zenik v. O'Brien, [147 Conn. 592, 595, 70 A.2d 769 (1951)]. But a private person has not initiated a criminal proceeding if he has undertaken no more than to provide potentially incriminating information to a public officer. In such a case, if the defendant has made a full and truthful disclosure and has left the decision to prosecute in the hands of the public officer, he cannot be held liable for malicious prosecution.
McHale v. W.B.S. Corp., supra, 447-48.
The documentary evidence in the present case shows that in December, 1990, the defendant called the police to complain of harassing "no voice hang-up calls." (Ferris' affidavit, p. 1; Walters' affidavit, p. 1) When the police informed her that they could not do anything until the phone company put a tracer on the phone (Walters' affidavit, p. 1), the defendant called the phone company and informed it of the calls and that she suspected her former husband was making these calls. (Exhibit A, Line Authorization Identification Form; Ferris' affidavit, p. 2) The phone company issued an authorization form for the defendant to sign, which stated that she would agree to prosecute any individual(s) found to have made the calls. (Exhibit C. Authorization Form signed by defendant, Ferris' affidavit, p. 2) The phone company instructed the defendant to notify it after three no voice hang-up calls, and the defendant did so. (Exhibit D, Letter from New York Telephone regarding tracing procedures, Exhibit E, phone call log; Ferris' affidavit, p. 2) Thereupon, the phone company instructed the defendant to tell the police to contact the phone company directly. (Ferris' affidavit, p. 2) The police contacted the phone company, and after being told that the CT Page 664 plaintiff was the caller, arrested the plaintiff since such calls were apparently in violation of a restraining order. (Walters' affidavit, p. 2; Exhibit F, Incident/Arrest Report). Lieutenant Walters' affidavit states that he believed then and believes now that there was probable cause to apply for an arrest warrant for a violation of General Statutes 53a-183, and that "the defendant did not insist that plaintiff be arrested nor did she pressure him or his colleagues regarding arrest." (Walters' affidavit, p. 2) The transcript from plaintiff's criminal proceedings indicates that the prosecution made a decision to enter a nolle because there was not history of violence and the state believed that the matter was civil in nature. (Exhibit G. Transcript; Exhibit H, Certification of Transcript; Affidavit of Elliott, Court Recording Monitor) However, the plaintiff's attorney requested that the charges be dismissed if he would stipulate that there was probable cause. (Transcript, p. 2) The prosecutor had no objection, and the judge then agreed to dismiss the charges. (Transcript, p. 3)
The plaintiff claims in his affidavits that his calls were not no voice hang-up calls, as he was contacting the defendant regarding an upcoming court appearance; that the defendant was involved in the malicious prosecution; and that a stipulation exists, due to pressure by the defendant and the prosecutor, whereby the defendant agreed to drop all criminal charges if the plaintiff "plead[ed] out" and agreed to resign from a private club of which he was a member.
Whether or not the calls were no vice hang-up calls is not relevant at this point, as a civil action for malicious prosecution only requires probable cause rather than proof that a crime was actually committed. The plaintiff's claim regarding a stipulation is stated in his own affidavit and is unsupported by any documentary evidence. An opposing party must do more to rebut sufficient evidence than simply state than an issue of fact exists. Hammer v. Lumberman's Mutual Casualty Co., supra. Additionally, the transcript of the criminal proceeding submitted by the defendant makes no mention of any kind of stipulation and indicates that the prosecutor decided to enter a nolle due to the lack of violence and because the state thought the matter was civil in nature, rather than because of any decision by the defendant to drop the charges.
The documentary evidence, particularly the police officer's affidavit and the authorization form from New York Telephone, CT Page 665 indicates that the defendant did not initiate the proceedings. Although defendant called the police and telephone company regarding the phone calls and told the phone company that she suspected her former husband, the affidavits and documentary evidence indicate that the plaintiff's arrest did not come until after three phone calls were electronically traced to his residence, and after the police had made a decision to issue a arrant for his arrest. Such conduct does not amount to initiating a criminal proceeding within the meaning of McHale, supra. The plaintiff claims that there is an issue of fact as to whether the defendant acted maliciously. However, while amendable to disposition by way of summary judgment; Lugo v. Rodriguez, 8 CSCR 832 (January 13, 1992, Lewis, J.); the defendant has shown that there are no genuine issues of fact with respect to the first of the necessary elements, i.e., that the defendant initiated or procured the institution of the criminal proceedings. See Martino v. Botteiller, Superior Court, Judicial District of New Haven at New Haven, Docket No. 301986 (February 16, 1993). Therefore, it is not necessary to address the rest of the elements. Furthermore, the transcript shows that the state decided to enter a nolle before the court dismissed the charges against the plaintiff, and that the plaintiff stipulated to probable cause to have such charges dismissed. Accordingly, the defendant's motion for summary judgment as to the claim for malicious prosecution is granted.
The defendant argues that the undisputed facts fail to support the elements required to sustain a claim for intentional infliction of emotional distress. In the defendant's own affidavit, she claims that she is not aware of any condition of the plaintiff that would make him peculiarly susceptible to suffering from distress. In response, the plaintiff argues that he has sufficiently alleged a claim of emotional distress, and that such claims are not measured solely by medical bills.
To prevail upon a claim for intentional infliction of emotional distress, a plaintiff must establish the following elements: (1) that the defendant intended to inflict emotional distress; or that he knew or should have known that emotional distress was a likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe. Petyan v. Ellis,200 Conn. 243, 253, 510 A.2d 1337 (1986). "Whether the defendant's conduct and the plaintiff's resulting distress are CT Page 666 sufficient to satisfy either of these elements is a question, in the first instance of [the] court. Only where reasonable minds can differ does not become an issue for the jury." Mellaly v. Eastman Kodak Co., 42 Conn. Sup. 17, 18, 597 A.2d 846 (1991, Berdon, J.). "`[T]he rule which seems to have emerged is that there is liability for conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.'" Id., 19-20, quoting W. Prosser W. Keeton, Torts (5th Ed. 1984), 12, p. 60.
 "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and is regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim `Outrageous!'"
Id., 20, quoting 1 Restatement (Second), Torts 46, comment (d). The extreme and outrageous conduct may also arise from the actor's knowledge that the plaintiff is peculiarly susceptible to emotional distress, due to some physical or mental condition or peculiarity. Id.
The documentary evidence and affidavits indicate that defendant's only involvement in this case was calling the police and phone company regarding the phone calls and telling the phone company that she suspected her former husband of making such calls. Even if the factual circumstances which plaintiff claims to exist were resolved in his favor, there is no indication that any conduct by defendant would be "extreme and outrageous" in the sense required to establish a cause of action for intentional infliction of emotional distress. See Pepe v. Perrotti, Superior Court, Judicial District of New Haven at New Haven, Docket No. 307426 (June 21, 1993). Accordingly, the defendant's motion for summary judgment as to the claim for intentional infliction of emotional distress is granted.
DEAN, J.