JOAN ELLIS, petitioner. November 15, 2011. *Supreme Judicial Court,* Superintendence of inferior courts. *Practice, Criminal,* Complaint, Issuance of process.

Joan Ellis appeals from a judgment of a single justice of this court denying, without a hearing, her petition for relief under G. L. c. 211, § 3. Ellis applied in the Boston Municipal Court for the issuance of a criminal complaint charging her neighbor with one or more offenses. A clerk-magistrate, after giving Ellis and the neighbor an opportunity to be heard, found no probable cause and denied the application. A judge in the Boston Municipal Court also declined to issue a criminal complaint. Ellis's G. L. c. 211, § 3, petition followed.[1]

The single justice properly denied relief, as "a private citizen lacks a

---

[1]Ellis filed a memorandum pursuant to S.J.C. Rule 2:21, as amended, 434 Mass. 1301 (2001). That rule does not apply because the dismissal of Ellis's complaint was not an interlocutory ruling of the trial court.

judicially cognizable interest in the prosecution or nonprosecution of another." *Hagen* v. *Commonwealth*, 437 Mass. 374, 380 (2002), quoting *Tarabolski* v. *Williams*, 419 Mass. 1001, 1002 (1994). "A private party's rights with respect to the criminal complaint process are limited to the filing of an application and court action on that application. Once a private party alerts the court of the alleged criminal activity through the filing of an application and the court responds to that application, the private party's rights have been satisfied." *Victory Distribs., Inc.* v. *Ayer Div. of the Dist. Court Dep't*, 435 Mass. 136, 141 (2001). Ellis filed her application, and the court acted on it. She has no further standing in this matter.

*Judgment affirmed.*

The case was submitted on the papers filed, accompanied by a memorandum of law.

*Jeremy T. Robin* for the petitioner.

*John E. Sutherland* for the respondent.


