PER CURIAM.
**915 *1201 We are asked to decide whether this court has jurisdiction over a writ of error challenging an order of the trial court, which was issued while the direct appeal of the plaintiffs-in-error, Mary Papageorge and George Papageorge (collectively, the Papageorges), was pending before the Appellate Court and whether the filing of such a writ gave rise to an automatic stay of the order that the writ challenged. We conclude that we lack jurisdiction, and, as a result, we do not reach the issue of whether an automatic stay exists. Accordingly, we grant the motion to dismiss the writ of error filed by the defendant in error, Andrea Micek-Holt, executrix of the estate of Edward W. Micek, and deny her motion for determination of the status of the automatic appellate stay.
The record reveals the following relevant facts. In 2010, Edward W. Micek and Kalami Corporation (Kalami), an entity represented by Mary Papageorge as its officer, executed a one year lease agreement whereby Micek would lease certain real property to Kalami and the Papageorges and their two daughters would occupy the property. Micek and Mary Papageorge concurrently executed a purchase and sale agreement (sale agreement) for the property, whereby **916 Mary Papageorge would pay Micek a deposit during the period of the lease and then purchase the property for $250,000 at the end of the lease. Mary Papageorge, on behalf of Kalami, made all rent payments due under the lease and paid the agreed upon sales deposit prior to the expiration of the lease, but Micek failed to take steps to complete the purchase under the sale agreement.
Micek thereafter brought a summary process action against the Papageorges and Kalami seeking to evict them for nonpayment of rent after the end of the lease period. The trial court found in favor of Kalami and the Papageorges, concluding that no further obligations existed under the lease agreement and that Mary Papageorge had an equitable right to the property under the sale agreement, including continued possession of the property until the real estate closing took place pursuant to the sale agreement.
Subsequently, Micek and, after his death, Micek-Holt, as executrix of Micek's estate, made two attempts to close under the sale agreement with Mary Papageorge. Both times Mary Papageorge refused to perform under the terms of the sale agreement, claiming she was due additional consideration beyond what was memorialized in that agreement.
Micek-Holt, in her capacity as executrix, then commenced an action against the Papageorges, their daughter Angelina Papageorge, and Kalami (collectively, the defendants), claiming, inter alia, breach of the sale agreement and unjust enrichment and seeking to quiet title to the property. She sought, in the alternative, monetary damages, specific performance, foreclosure of Mary Papageorge's equitable interest in the property, a declaratory judgment that the defendants had no interest in the property, and the defendants' eviction from the property. Mary Papageorge filed a separate action **917 against Micek-Holt and others seeking legal title to the property and $5.5 million in damages as a result of Micek's alleged breach of the sale agreement. The trial court, after the two actions had been consolidated for trial, rejected all of Mary Papageorge's claims. The trial court then found in favor of Micek-Holt on her breach of contract and unjust enrichment claims. As to relief, it ordered either that Mary Papageorge pay monetary damages and perform under the terms of the sale agreement by October 26, 2016, or, in the event that she failed to perform, that *1202 her equitable right to the property be "extinguished" and a judgment of quiet title be issued in favor of Micek-Holt, as executrix, and Micek-Holt could request an execution of ejectment[1] against the defendants.
The Papageorges timely appealed from the judgment in favor of Micek-Holt to the Appellate Court. The automatic stay that arose upon the filing of the appeal; see Practice Book § 61-11(a) ; was terminated in November, 2016, upon Micek-Holt's motion, after the deadline for performance of the sale agreement had passed. That appeal is currently pending before the Appellate Court.
In March, 2017, the trial court granted Micek-Holt's request for an execution of ejectment. The Papageorges **918 filed an emergency motion for review of that order with the Appellate Court. The Appellate Court granted review, ordered a stay of the execution of ejectment, and ordered briefing from the parties on whether Mary Papageorge's equitable right to the property implicated a right of possession. Thereafter, the Appellate Court issued an order terminating the stay of the execution of ejectment, which effectively denied the relief requested by the Papageorges.
Subsequently, the Papageorges filed the writ of error presently before this court, claiming that the issuance of the execution of ejectment by the trial court was improper because it violated the initial automatic appellate stay in that the deadline for performance of the sale agreement occurred while the stay was in effect. Micek-Holt filed a motion to dismiss, asserting that this court lacks jurisdiction because (1) the Papageorges, as parties to the underlying trial court case, may not bring a writ of error pursuant to Practice Book § 72-1(a), and (2) the writ of error is improper pursuant to Practice Book § 72-1(b) because the Papageorges could raise claims concerning the execution of ejectment in the appeal pending before the Appellate Court. Micek-Holt concurrently filed a motion for clarification as to whether the filing of the writ of error resulted in an automatic stay of the execution of ejectment.
Practice Book § 72-1 provides in relevant part: "(a) Writs of error for errors in matters of law may be brought from a final judgment of the superior court to the supreme court in the following cases ... a decision binding on an aggrieved nonparty ... and ... as otherwise necessary or appropriate in aid of its jurisdiction and agreeable to the usages and principles of law.
"(b) No writ of error may be brought in any civil ... proceeding for the correction of any error where ...
**919 the error might have been reviewed by process of appeal ...."
Although it is undisputed that the Papageorges are parties to the underlying *1203 case, they contend that a writ of error is the proper mechanism to challenge the execution of ejectment because the execution occurred after the final judgment from which they have appealed and, therefore, they cannot challenge the propriety of the execution in the pending appeal. They further note that without action by this court through the writ of error, they will be divested of possession of the property prior to the resolution of their appeal.
The Papageorges have cited no authority, nor has our research revealed any, supporting the proposition that a party to an underlying case may use a writ of error to challenge an execution of ejectment following a foreclosure or other final judgment settling the equitable property rights of the parties. To the contrary, authority holds that a writ of error is the proper mechanism for a tenant to challenge an ejectment following a foreclosure when the tenant has not been made a party to the foreclosure action. See Tappin v. Homecomings Financial Network, Inc. , 265 Conn. 741, 745-46, 830 A.2d 711 (2003). When a tenant is a party to a foreclosure and seeks to challenge the execution of ejectment that resulted from the subject foreclosure, the tenant must seek review through a direct appeal. See First Federal Bank, FSB v. Whitney Development Corp. , 237 Conn. 679, 682-84, 677 A.2d 1363 (1996) (elderly, disabled tenant challenging right of mortgagee to evict her through execution of eviction following vesting of title in mortgagee through strict foreclosure); see also Wells Fargo Bank of Minnesota, N.A. v. Morgan , 98 Conn.App. 72, 73-74, 909 A.2d 526 (2006) (issuance of execution of ejectment raised by party through appeal of denial of motion to open and set aside orders of trial court approving foreclosure sale and deed).
**920 Although we are not unsympathetic to the fact that the Papageorges will be required to vacate the property to which they claim a right of possession prior to the resolution of their appeal, we are unpersuaded that this circumstance alone negates their status as parties to the underlying case for purposes of standing to bring a writ of error. To hold otherwise would allow any party to a case pending on appeal in which the automatic appellate stay has been lifted, resulting in a negative consequence to the party, to bring a writ of error. The Papageorges also have not demonstrated that they lacked any mechanism to challenge the trial court's order authorizing the issuance of an execution of ejectment-either due to form or substance-in their direct appeal or by way of an amended appeal. Therefore, we conclude that this court lacks jurisdiction over the Papageorges' writ of error.[2] Because we dismiss the Papageorges' writ of error, we do not reach the issue of whether the filing of the writ resulted in an automatic stay of the execution of ejectment.
The motion to dismiss the writ of error is granted, and the motion for determination of appellate stay is denied.

The trial court memorandum of decision stated that Micek-Holt could request an "execution of eviction," but did not specify the statutory authority under which such execution would be issued. Micek-Holt subsequently filed, and the trial court ordered, an execution of summary process using a standard Judicial Branch form. The proper statutory mechanism for eviction of a party following a trial that determines the equitable interests in a property is an execution of ejection. See General Statutes § 49-22 ("[a] In any action ... for any equitable relief in relation to land, the plaintiff may, in his complaint, demand possession of the land, and the court may, if it renders judgment in his favor and finds that he is entitled to the possession of the land, issue execution of ejectment ...."). Accordingly, we refer to the actions as seeking executions of ejectment, and look to cases challenging executions of ejectment for guidance in determining whether a party may bring such a challenge by way of a writ of error.

In light of the grounds on which we rest our decision, we need not consider whether the writ of error is an improper attempt to circumvent the general rule that a party aggrieved by an Appellate Court decision may only obtain review (1) when that decision constitutes "a final determination of [an] appeal"; Ingersoll v. Planning & Zoning Commission, 194 Conn. 277, 279, 479 A.2d 1207 (1984) ; (2) by way of a petition for certification. See General Statutes § 51-197f ; Practice Book § 84-1 ; see also Practice Book § 66-6 (providing for motion for review of "any action by the appellate clerk under [Practice Book §] 66-1" and various trial court orders).