## IN RE CRIMINAL COMPLAINT AND APPLICATION FOR ARREST WARRANT
### (SC 20995)

McDonald, D'Auria, Mullins, Ecker, Alexander and Dannehy, Js.*

*Syllabus*

The plaintiffs in error, three registered electors residing in the city of Bridgeport, filed a writ of error challenging the decision of a trial judge, who denied their applications, filed pursuant to statute (§ 9-368), for arrest warrants for two individuals who had allegedly violated certain election laws in connection with the 2023 Democratic primary election for the office of the mayor of Bridgeport. The plaintiffs in error claimed, inter alia, that the trial judge had misinterpreted § 9-368, whereas the defendant in error, the state of Connecticut, claimed that the writ of error should be dismissed on the ground that the plaintiffs in error were neither statutorily nor classically aggrieved by the denial of the arrest warrant applications. *Held*:

The plaintiffs in error were not required to establish that they were statutorily aggrieved in order to bring a writ of error challenging the denial of their arrest warrant applications.

This court dismissed the writ of error because the plaintiffs in error were not classically aggrieved by the trial judge's denial of the arrest warrant applications, insofar as they lacked a specific, personal and legal interest in the arrest and prosecution of those who allegedly violate election laws.
(*One justice concurring separately*)

Argued May 1—officially released October 3, 2024**

*Procedural History*

Writ of error from the order of the Superior Court in the judicial district of Fairfield, *T. Welch, J.*, denying applications by the plaintiffs in error for certain arrest warrants, brought to the Appellate Court, where the writ was transferred to this court; thereafter, this court denied

* This case originally was argued before a panel of this court consisting of Chief Justice Robinson and Justices McDonald, D'Auria, Mullins, Ecker, Alexander and Dannehy. Thereafter, Chief Justice Robinson retired from this court and did not participate in the consideration of the case.

The listing of justices reflects their seniority status on this court as of the date of oral argument.

** October 3, 2024, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

In re Criminal Complaint & Application for Arrest Warrant

the defendant in error's motion to dismiss. *Writ of error dismissed*.

*Cameron L. Atkinson*, for the plaintiffs in error (Albert Bottone et al.).

*Evan O'Roark*, assistant solicitor general, with whom were *Timothy F. Costello*, supervisory assistant state's attorney, and, on the brief, *William Tong*, attorney general, and *Patrick J. Griffin*, chief state's attorney, for the defendant in error (state).

*Opinion*

D'AURIA, J. The plaintiffs in error, Diahann Phillips, Alison Scofield, and Albert Bottone, filed this writ of error challenging the decision by the Honorable Thomas J. Welch, declining to issue arrest warrants under General Statutes § 9-368[1] for two individuals who allegedly violated election laws. The defendant in error, the state of Connecticut, contends that we should dismiss this writ of error because the plaintiffs in error are neither classically nor statutorily aggrieved by the denial of their arrest warrant applications. Although we disagree with the defendant in error that the plaintiffs in error are required to establish statutory aggrievement to bring a writ of error, we dismiss the writ on the ground that the plaintiffs in error are not classically aggrieved.

The following procedural history is relevant to this appeal. The plaintiffs in error, registered electors residing in Bridgeport, filed with the Superior Court for the judicial district of Fairfield two applications, pursuant

[1] General Statutes § 9-368 provides: "Upon the written complaint of any three electors of a town in which a violation of any law relating to elections has occurred to any judge of the superior court for the judicial district within which the offense has been committed, supported by oath or affirmation that the complainants have good reason to believe and do believe that the allegations therein contained are true and can be proved, such judge shall issue a warrant for the arrest of the accused."

In re Criminal Complaint & Application for Arrest Warrant

to § 9-368,[2] requesting that a judge issue arrest warrants for Wanda Geter-Pataky and Eneida Martinez for their alleged violation of election laws during the September 12, 2023 Democratic primary election for the office of the mayor of Bridgeport. The plaintiffs in error alleged that probable cause existed for the issuance of the arrest warrants on the basis of "video evidence" presented in a civil trial showing that Geter-Pataky and Martinez had illegally deposited absentee ballots into drop boxes, which were to be collected by representatives from the town clerk's office for processing. See *Gomes* v. *Clemons*, Docket No. CV-23-6127336-S, 2023 WL 7383217, *13 (Conn. Super. November 1, 2023).

Judge Welch (trial judge) denied both applications, concluding that § 9-368 contravenes the federal constitution, the state constitution, and the rules of practice. First, he reasoned that § 9-368 permits the issuance of an arrest warrant based on a standard of less than probable cause, which is inconsistent with the requirement that probable cause exist for the issuance of an

[2] Section 9-368 is unique to Connecticut, but other states have statutes authorizing a citizen to compel judicial review of alleged prosecutorial inaction. See, e.g., Colo. Rev. Stat. (2023) (permitting person to file affidavit alleging commission of crime and unjustified refusal to prosecute); Mass. Ann. Laws c. 218, § 35A (LexisNexis 2011) (permitting private citizen to file application for issuance of criminal complaint); N.D. Cent. Code § 11-16-06 (2012) (permitting party to file affidavit in district court alleging that prosecutor refused or neglected to perform duties to bring prosecution); Ohio Rev. Code Ann. § 2151.43 (West Supp. 2024) (permitting any person to file affidavit in juvenile court setting forth charges). Other states previously had statutes of the same kind; however, those statutes have been declared unconstitutional. See footnote 3 of this opinion.

At least one other Connecticut statute permits a citizen to catalyze the arrest of another person. General Statutes § 46b-38b permits a person to make a complaint of family violence to a peace officer, who is required to consider action on the complaint, including arresting the "dominant aggressor." General Statutes § 46b-38b (b). The appellate courts of this state have not determined whether a complainant is aggrieved for the purpose of seeking appellate review of a peace officer's decision as to whether to make an arrest under § 46b-38b.

In re Criminal Complaint & Application for Arrest Warrant

arrest warrant. See U.S. Const., amend. IV; Practice Book § 36-1. Second, he determined that § 9-368 permits the issuance of an arrest warrant without any coordination with the Division of Criminal Justice, which article fourth of the Connecticut constitution, as amended by article twenty-three of the amendments, provides "shall be in charge of the investigation and prosecution of all criminal matters." The trial judge did not expressly declare § 9-368 unconstitutional, and he did not reach the substantive merits of the applications. In the end, the trial judge noted that, "[n]otwithstanding the foregoing, [he] expresses no opinion as to whether the application may be referred to a prosecuting authority."[3]

The plaintiffs in error brought this writ of error in the Appellate Court, and we transferred the writ to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-2. The plaintiffs in error claim that the trial judge misinterpreted the plain language of § 9-368 and incorrectly determined that the statute was inconsistent with the federal constitution, the state constitution, and the rules of practice. For relief, the plaintiffs in error request a declaration from this court that § 9-368 does not violate the federal constitution, the state

---

[3] Because we resolve this case on the threshold issue that we lack appellate jurisdiction over this writ of error because the plaintiffs in error were not classically aggrieved; see *Trikona Advisers Ltd.* v. *Haida Investments Ltd.*, 318 Conn. 476, 484–85, 122 A.3d 242 (2015); we express no opinion on the merits of the trial judge's denial of the arrest warrant applications and do not reach the question of whether § 9-368 is constitutional. See, e.g., *State ex rel. Unnamed Petitioners* v. *Connors*, 136 Wis. 2d 118, 123, 401 N.W.2d 782 (1987) (declaring unconstitutional Wisconsin statute permitting judicial review of prosecutorial inaction because it violated separation of powers doctrine by permitting filing of criminal complaint by someone other than executive officer), overruled by *State* v. *Unnamed Defendant*, 150 Wis. 2d 352, 441 N.W.2d 696 (1989); *In re Petition of Padget*, 678 P.2d 870, 873 (Wyo. 1984) (declaring as unconstitutional Wyoming statute permitting motion to request prosecution because it violated separation of powers doctrine by permitting filing of criminal complaint by someone other than executive officer).

In re Criminal Complaint & Application for Arrest Warrant

constitution, and the rules of practice; an order directing the trial judge to issue arrest warrants for Geter-Pataky and Martinez; or an order remanding the case to the trial judge with direction to evaluate the merits of the arrest warrant applications.[4]

The defendant in error moved to dismiss this writ on the ground that the plaintiffs in error were neither statutorily nor classically aggrieved by the denial of their arrest warrant applications. We denied the motion without prejudice, permitting the parties to raise the issue in their briefs to this court. The defendant in error argues in its brief that the plaintiffs in error are not classically aggrieved because they are private citizens who lack a judicially cognizable interest to vindicate the public interest in election integrity. It also contends that the plaintiffs in error are not statutorily aggrieved because, although § 9-368 affords them standing to seek the issuance of an arrest warrant from a judge of the Superior Court, that statute lacks any express legislative fiat granting them the ability to challenge the denial of their applications on appeal, and they are not "within the 'zone of interests that the statute was intended to protect'," quoting *Lazar* v. *Ganim*, 334 Conn. 73, 90, 220 A.3d 18 (2019)

The plaintiffs in error reply that they have established their aggrievement to bring this writ. They argue that they are classically aggrieved because "[n]o one has a more specific, personal, legal interest in securing an alleged criminal's arrest than the people that [the alleged criminal] has victimized." The plaintiffs in error argue that they are also statutorily aggrieved because they, along with every citizen in a municipality where an alleged election law violation occurs, are within the "statutorily defined zone of interests" under § 9-368.[5]

[4] We offer no opinion on whether the scope of relief, including a declaration of any sort from this court, is properly sought by way of a writ of error.

[5] Although the predecessor of § 9-368 was enacted in 1868; see General Statutes (1875 Rev.) tit. XX, c. 13, pt. 1, § 8; we are aware of only one

In re Criminal Complaint & Application for Arrest Warrant

Practice Book § 72-1 (a) (1) provides that a writ of error may be brought from "a final judgment of the Superior Court" that is "binding on an aggrieved non-party";[6] see also *State* v. *Skipwith*, 326 Conn. 512, 526 n.18, 165 A.3d 1211 (2017). "It is axiomatic that aggrievement is a basic requirement of standing, just as standing is a fundamental requirement of jurisdiction. . . . There are two general types of aggrievement, namely, classical and statutory; either type will establish standing, and each has its own unique features." (Internal quotation marks omitted.) *Perry* v. *Perry*, 312 Conn. 600, 620, 95 A.3d 500 (2014). "Aggrievement, in essence, is appellate standing," and implicates this court's subject matter jurisdiction. (Internal quotation marks omitted.) *In re Ava W.*, 336 Conn. 545, 554–55, 248 A.3d 675 (2020).

I

We first reject the defendant in error's contention that the plaintiffs in error are required to establish statutory

instance in which electors have attempted to use § 9-368, resulting in the only reported decision citing that statute. See *Ferraiuolo* v. *Henchel*, 21 Conn. Supp. 445, 446, 448, 156 A.2d 798 (1959) (sustaining demurrer to complaint alleging that judge acted maliciously in discharging application apparently initiated under § 9-368).

[6] Consistent with the dispute as framed by the parties, we resolve this case based on whether the plaintiffs in error are "aggrieved" by the trial judge's denial of their applications. Given our disposition, we need not decide whether the denial of any elector's § 9-368 application would constitute a "final judgment of the Superior Court" that is "binding" on them as "nonpart[ies] . . . ." Practice Book § 72-1 (a) (1). Nor do we opine on whether disappointed electors could satisfy the requirements of General Statutes § 52-263, the appeal statute found in title 52 of the General Statutes, applicable to "[c]ivil [a]ctions" (e.g., "final judgment of the [superior] court or of such judge"), except to say that the plaintiffs in error would not be classically aggrieved to take such an appeal. See part II of this opinion.

Whether the legislature intended § 9-368 to impose a mandatory duty on a judge to issue an arrest warrant or to create a judicially cognizable interest and whether the legislature intended § 52-263 to permit electors to take a statutory appeal from the denial of their application for an arrest warrant are questions of statutory intent requiring close examination of the statutory language pursuant to General Statutes § 1-2z. These respective analyses are

350 Conn. 633 NOVEMBER, 2024 639

In re Criminal Complaint & Application for Arrest Warrant

aggrievement to bring this writ. Generally, "[s]tatutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation." (Internal quotation marks omitted.) *Canty* v. *Otto*, 304 Conn. 546, 557, 41 A.3d 280 (2012). The defendant in error does not contest that § 9-368 provides the plaintiffs in error standing to seek arrest warrant applications from a judge of the Superior Court. Instead, it argues that our legislature has not expressly granted the plaintiffs in error the right to bring a writ of error from the denial of an application for an arrest warrant, by virtue of § 9-368 or any other statute.

Unlike traditional appeals to this court and the Appellate Court, which are authorized by General Statutes §§ 51-197a and 52-263; see, e.g., *Clinton* v. *Aspinwall*, 344 Conn. 696, 698–99, 281 A.3d 1174 (2022); a "writ of error . . . is a concept deeply rooted in our common law . . . [and] the right to bring a writ of error . . . exists independent of [any] statutory authorization." (Citations omitted; footnote omitted; internal quotation marks omitted.) *State* v. *McCahill*, 261 Conn. 492, 499–500, 811 A.2d 667 (2002); see also *Redding Life Care, LLC* v. *Redding*, 331 Conn. 711, 720, 207 A.3d 493 (2019) (" 'It is clear that the common-law writ of error was adopted by Connecticut as part of its own common law. No statute has expressly abrogated that law.' "); *State* v. *Skipwith*, supra, 326 Conn. 520–22 (describing common-law foundations for writ of error and clarifying that writs of error are separate from statutory appeals). Consequently, the defendant in error's contention that "[t]he legislature must . . . grant the right to appeal explicitly" is antithetical to the purpose of a writ of

outside the scope of the aggrievement inquiry presented by the parties in this appeal, and we need not undertake them here.

error, which is to afford a nonparty appellate review of an adverse judgment when there is no express legislative fiat for doing so. See, e.g. *Redding Life Care, LLC* v. *Redding*, supra, 726; *Montville* v. *Alpha Mills Co.*, 86 Conn. 229, 233, 84 A. 933 (1912); see also *Kennedy* v. *QVC Network, Inc.*, 43 Conn. App. 851, 852, 686 A.2d 997 (1996) ("if there is no statutory right of appeal . . . an appellant must use a writ of error to obtain review of an adverse judgment" (footnotes omitted)).

To support its statutory aggrievement claim, the defendant in error relies on appellate cases adjudicating whether a party had established statutory aggrievement to appeal to the Superior Court or had standing to bring a claim in the Superior Court. See, e.g., *Lazar* v. *Ganim*, supra, 334 Conn. 84 (determining whether plaintiffs had standing to bring claim pursuant to General Statutes § 9-329a (a) (1)); *Mayer* v. *Historic District Commission*, 325 Conn. 765, 773, 160 A.3d 333 (2017) (determining whether plaintiffs had standing to appeal from decision of Historic District Commission to Superior Court pursuant to General Statutes § 7-147i); *McWeeny* v. *Hartford*, 287 Conn. 56, 58, 946 A.2d 862 (2008) (determining whether recipient of surviving spouse pension allowance had standing to bring marital status discrimination complaint pursuant to General Statutes § 46a-60 (a) (1)); *Jolly, Inc.* v. *Zoning Board of Appeals*, 237 Conn. 184, 185–87, 676 A.2d 831 (1996) (determining whether taxpayer had standing to appeal from zoning decision to Superior Court pursuant to General Statutes § 8-8); *Burton* v. *Freedom of Information Commission*, 161 Conn. App. 654, 656, 129 A.3d 721 (2015) (determining whether complainant had standing to appeal from Freedom of Information Commission decision to Superior Court), cert. denied, 321 Conn. 901, 136 A.3d 642 (2016); *Brouillard* v. *Connecticut Siting Council*, 133 Conn. App. 851, 853–54, 38 A.3d 174 (determining whether plaintiff had standing to appeal from Connecticut Siting

In re Criminal Complaint & Application for Arrest Warrant

Counsel decision to Superior Court pursuant to General Statutes § 16-50q), cert. denied, 304 Conn. 923, 41 A.3d 662 (2012). These cases are inapposite because "[s]tanding for purposes of bringing an action differs from the aggrievement requirement for appellate review . . . ." *In re Ava W.*, supra, 336 Conn. 555; see also *Redding Life Care, LLC* v. *Redding*, supra, 331 Conn. 725 ("[a] writ of error is . . . 'the functional equivalent of an ordinary appeal' ").

We are not aware of, nor has the defendant in error provided us with, any cases requiring a plaintiff in error to establish statutory aggrievement to bring a writ of error. Instead, our cases consistently have applied only the classical aggrievement test to determine whether a plaintiff in error can bring a writ of error. See, e.g., *Cannavo Enterprises, Inc.* v. *Burns*, 194 Conn. 43, 47 and n.9, 478 A.2d 601 (1984) (applying classical aggrievement test to determine aggrievement for purposes of bringing writs of error); see also *Perry* v. *Perry*, supra, 312 Conn. 603, 620–21 (attorney for minor children was classically aggrieved to bring writ of error challenging attorney's fees award); *State* v. *Ross*, 272 Conn. 577, 579, 596–98, 863 A.2d 654 (2005) (Office of Chief Public Defender was classically aggrieved to bring writ of error challenging trial court's denial of motion for permission to appear as next friend of party in interest); *Seymour* v. *Seymour*, 262 Conn. 107, 110, 809 A.2d 1114 (2002) (parents were not classically aggrieved for purpose of bringing writ of error challenging trial court's issuance of protective order that granted their alternative request to have depositions sealed); *Briggs* v. *McWeeny*, 260 Conn. 296, 308–309, 796 A.2d 516 (2002) (attorney was classically aggrieved to bring writ of error challenging trial court's finding that she had violated Rules of Professional Conduct); *Crone* v. *Gill*, 250 Conn. 476, 479–80, 736 A.2d 131 (1999) (attorney was not classically

In re Criminal Complaint & Application for Arrest Warrant

aggrieved to bring writ of error from trial court order disqualifying him from representing party).

Accordingly, we disagree with the defendant in error that the plaintiffs in error are required to cite to this court a statute that expressly permits them to bring this writ. It is thus immaterial to the standing of the plaintiffs in error to invoke this court's review by way of this writ whether § 9-368 or some other statute expressly provides them the right to bring this writ because that is not the proper aggrievement inquiry.

II

We now turn to the question of whether the plaintiffs in error are classically aggrieved by the denial of their arrest warrant applications. "Classical aggrievement requires a two part showing. First, a party must demonstrate a specific, personal and legal interest in the subject matter of the [controversy], as opposed to a general interest that all members of the community share. . . . Second, the party must also show that the [alleged conduct] has specially and injuriously affected that specific personal or legal interest." (Internal quotation marks omitted.) *Perry* v. *Perry*, supra, 312 Conn. 620. "Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected." (Internal quotation marks omitted.) *Briggs* v. *McWeeny*, supra, 260 Conn. 309. "When a defendant cannot demonstrate that he has a specific, personal and legal interest in the subject matter of the challenged action, a court need not decide whether his interest has been specially and injuriously affected." *State* v. *Bradley*, 341 Conn. 72, 80–81, 266 A.3d 823 (2021). A common theme in our classical aggrievement cases "is the direct connection between the challenger and the subject matter of the dispute, a correlation between the harm to be avoided and the person subjected to the harm." Id., 86. Addition-

In re Criminal Complaint & Application for Arrest Warrant

ally, "[a] grievance to . . . [one's] feelings of propriety or sense of justice is not such a grievance as gives [aggrievement for] a right of appeal." (Internal quotation marks omitted.) *Hartford Kosher Caterers, Inc*. v. *Gazda,* 165 Conn. 478, 484, 338 A.2d 497 (1973).

The United States Supreme Court's "decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R. S*. v. *Richard D*., 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973); see also *Younger* v. *Harris,* 401 U.S. 37, 41–42, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971) (members of political party lacked standing to enjoin prosecution because they were not indicted, arrested, or threatened with prosecution); *Bailey* v. *Patterson,* 369 U.S. 31, 32–33, 82 S. Ct. 549, 7 L. Ed. 2d 512 (1962) (complainants lacked standing to enjoin criminal prosecutions under Mississippi's breach of peace statutes because they did not allege that they had been prosecuted or threatened with prosecution); *Poe* v. *Ullman,* 367 U.S. 497, 501, 81 S. Ct. 1752, 6 L. Ed. 2d 989 (1961) (family members and physician lacked standing to enjoin prosecutions under Connecticut's laws preventing use of contraceptives because there was no prosecution or immediate threat of prosecution). "[T]hese cases . . . demonstrate that, in American jurisprudence at least, *a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.*" (Emphasis added.) *Linda R. S*. v. *Richard D.*, supra, 619; id., 615, 618 (mother lacked standing to enjoin "discriminatory application" of Texas child support laws because relief would result only in jailing of father (internal quotation marks omitted)); see also *Leeke* v. *Timmerman,* 454 U.S. 83, 86–87, 102 S. Ct. 69, 70 L. Ed. 2d 65 (1981) (inmates lacked standing to challenge prison officials' request that magistrate not issue arrest warrants for prison guards who allegedly assaulted them).

In re Criminal Complaint & Application for Arrest Warrant

Although no appellate court in this state has yet addressed this precise issue,[7] we find persuasive the Massachusetts Supreme Judicial Court's application of these principles to consistently hold that, if a judge or clerk-magistrate denies an application for a criminal complaint, a private party has no standing to challenge that decision by appealing because a private party lacks a judicially cognizable interest in the prosecution or nonprosecution of another. See, e.g., *In re Two Applications for a Criminal Complaint*, 493 Mass. 1002, 1003– 1004, 218 N.E.3d 641 (2023) (petitioner lacked standing to seek appellate review of trial court's denial of his application for criminal complaint), cert. denied sub nom. *Waters* v. *Kearney*, U.S. , 144 S. Ct. 2694, L. Ed. 2d (2024); *In re Application for a Criminal Complaint*, 477 Mass. 1010, 1011, 75 N.E.3d 1110 (2017) (same); *In re Ellis*, 460 Mass. 1020, 1020–21, 957 N.E.2d 222 (2011) (same); *Victory Distributors, Inc.* v. *Ayer Division of District Court Dept.*, 435 Mass. 136, 141–43, 755 N.E.2d 273 (2001) (same); *Bradford* v. *Knights*, 427 Mass. 748, 751–52, 695 N.E.2d 1068 (1998) (same); *Tarabolski* v. *Williams*, 419 Mass. 1001, 1001, 642 N.E.2d 574 (1994) (same); *Whitley* v. *Commonwealth*, 369 Mass. 961, 961, 339 N.E.2d 890 (1975)

---

[7] The Appellate Court has twice relied on the principles of *Linda R. S.* to determine that a plaintiff lacked standing *in the trial court* to compel prosecutorial action. See *Kaminski* v. *Semple*, judicial district of New Britain, Docket No. CV-17-5018219-S (October 31, 2018) (reprinted at 196 Conn. App. 534, 542, 230 A.3d 843), aff'd in part and dismissed in part, 196 Conn. App. 528, 230 A.3d 839 (2020); see also *Kelly* v. *Dearington*, 23 Conn. App. 657, 662, 583 A.2d 937 (1990) (plaintiff lacked standing to pursue application for arrest warrant because "an 'ordinary citizen does not have a general interest justifying a lawsuit based on the criminal prosecution or [nonprosecution] of another,' " and "it would contravene public policy 'to allow every private citizen to force the prosecutor to proceed with a case in pursuit of a private objective' ").

These decisions are not directly on point because they concern a party's standing in the trial court, and neither case involved § 9-368, which the defendant in error concedes affords the plaintiffs in error standing to file an arrest warrant application with a judge of the Superior Court.

(same). The gravamen of these cases is that "[t]he right of a citizen to obtain a criminal complaint is itself something of an anomaly, because in modern times the formal initiation and prosecution of criminal offenses is usually the domain of public officials. Accordingly, even where the [l]egislature has given a private party the opportunity to seek a criminal complaint, we have uniformly held that the denial of a complaint creates no judicially cognizable wrong." *Bradford* v. *Knights*, supra, 751.

In line with these Massachusetts cases, we conclude that the plaintiffs in error are not classically aggrieved by the trial judge's denial of their arrest warrant applications.[8] The plaintiffs in error requested that the trial judge issue arrest warrants for Geter-Pataky and Martinez for their alleged violation of election laws during the September 12, 2023 Democratic primary election for the office of mayor of Bridgeport. The plaintiffs in error have no personal interest in the arrest and

_____

[8] We appreciate that there is a distinction between the Massachusetts statute at issue in these cases and § 9-368. Compare Mass. Ann. Laws c. 218, § 35A (LexisNexis 2011) (court "may upon consideration of the evidence, obtained by hearing or otherwise, cause process to be issued unless there is no probable cause to believe that the person who is the object of the complaint has committed the offense charged") with General Statutes § 9-368 (upon written complaint that election law violation occurred supported by oath or affirmation "such judge shall issue a warrant for the arrest of the accused"). This difference has no impact on our reliance on these Massachusetts cases because it is readily apparent that both statutes confer the same right to an individual: to seek the issuance of an arrest warrant, and nothing more. The plaintiffs in error do not contend that § 9-368 provides them with a more expansive right, and they acknowledge in their brief that the legislature in § 9-368 "provid[ed] a private right to *apply* for arrest warrants for election crimes" and "the [s]tate does not challenge the proposition that the [plaintiffs in error] had a statutory right to *seek* arrest warrants for Geter-Pataky and Martinez under § 9-368." (Emphasis added.) In their applications, the plaintiffs in error contended that the judge "must consider [their] criminal complaint," but they did not maintain that their applications automatically mandated that the judge issue the arrest warrants; instead, they argued that the issuance of the arrest warrants was contingent on a finding of probable cause.

In re Criminal Complaint & Application for Arrest Warrant

subsequent prosecution of those who allegedly violated election laws because the plaintiffs in error are not the subject of the prospective prosecution and have not been threatened with prosecution. See *Linda R. S.* v. *Richard D.*, supra, 410 U.S. 619. They consequently cannot demonstrate a specific, personal, and legal interest in the denial of those applications because they are private citizens lacking a judicially cognizable interest in the prosecution or nonprosecution of another. See id. The plaintiffs in error are not classically aggrieved because they have a general interest, no different from that of any other member of the community, in the arrest of Geter-Pataky and Martinez. See *Monroe* v. *Horwitch*, 215 Conn. 469, 473, 576 A.2d 1280 (1990) (members of general public are not uniquely harmed by statewide grievance committee's handling of their complaints). To the extent that the plaintiffs in error contend that the arrests would promote their specific interest in vindicating a free and fair election, we conversely have held that voters in a primary election have "a general interest that all members of the community share" and that any alleged harm is "abstract and widely shared . . . ." (Internal quotation marks omitted.) *Lazar* v. *Ganim*, supra, 334 Conn. 92.

It is undisputed that the plaintiffs in error had standing to request that a judge of the Superior Court issue arrest warrants under § 9-368, but the denial of that application does not render them classically aggrieved to obtain appellate review. See *In re Ava W.*, supra, 336 Conn. 555 (standing to bring an action differs from aggrievement for appellate review).[9] "[A] private party's

[9] We disagree with the contention that a trial court's or judge's denial of a complainant's statutorily authorized claim for relief indisputably renders the complainant classically aggrieved to seek appellate review. Take, for instance, a complainant's involvement in the attorney grievance process. The legislature has created a specific right for a person to file a complaint alleging attorney misconduct. See General Statutes § 51-90e (a). But the complainant is not aggrieved and thus not entitled to challenge the outcome of that grievance proceeding because a complainant's "stake in the outcome

In re Criminal Complaint & Application for Arrest Warrant

rights with respect to the criminal complaint process are limited to the filing of an application and court action on that application. Once a private party alerts the court of the alleged criminal activity through the filing of an application and the court responds to that application, the private party's rights have been satisfied.'' (Internal quotation marks omitted.) *In re Two Applications for a Criminal Complaint*, supra, 493 Mass. 1004. Here, the plaintiffs in error brought their criminal allegations to the trial judge, who denied their applications while not forbidding them to forward these allegations directly to the appropriate prosecutorial authority within the Division of Criminal Justice. From there, it is within the discretion of that prosecutorial authority which actions to take because "there is no guarantee that issuance of the arrest warrant would remedy claimed past misconduct . . . or prevent future misconduct. Even if a prosecution could remedy [an applicant's] injury, the *issuance* of an arrest warrant . . . is simply a prelude to actual prosecution. . . . It is equally clear that issuance of the arrest warrant . . .

---

of these proceedings is no different from that of all members of the community . . . .'' *D'Attilo* v. *Statewide Grievance Committee*, 329 Conn. 624, 644, 188 A.3d 727 (2018). We have explained that "an attorney grievance proceeding is not a civil action whose objective is to provide restitution to a victim or redress civil wrongs inflicted upon a victim. Its purpose is to investigate and regulate the conduct of court officers . . . . Against this background, granting an individual complainant the right to challenge the outcome of the grievance process is not necessarily consistent with the underlying purposes of the scheme of attorney discipline. . . . Input from the complaining party is a logical component of the attorney discipline process. Granting the complainant the right to challenge, or appeal from, the outcome of the process, is not.'' (Citation omitted.) Id., 642; see also *Lewis* v. *Slack*, 110 Conn. App. 641, 647–48, 955 A.2d 620 (plaintiff was not classically aggrieved and therefore not entitled to appeal from Statewide Grievance Committee's disposition of his complaint), cert. denied, 289 Conn. 953, 961 A.2d 417 (2008). The same logic applies here. The plaintiffs in error exercised their statutory right to bring their criminal allegations to a judge of the Superior Court, the trial judge denied their applications, and that is when their legal interest in the participation of the initiation of a criminal prosecution against others terminated.

In re Criminal Complaint & Application for Arrest Warrant

would *not* necessarily lead to a subsequent prosecution.'' (Emphasis in original.) *Leeke* v. *Timmerman*, supra, 454 U.S. 86–87; see also *Massameno* v. *Statewide Grievance Committee*, 234 Conn. 539, 574–75, 663 A.2d 317 (1995) (describing prosecutor's role and discretion in discharging duties).

We recognize that the result of our ruling effectively precludes appellate review of the denial of a § 9-368 arrest warrant application. But we agree with the Massachusetts Supreme Judicial Court's assessment that its decision would result in no appellate review in ''cases where an application is refused on the basis of an erroneous interpretation of the law . . . . That possibility is implicit in the system of citizen complaints, and is consistent with the notion that the right to pursue a criminal prosecution belongs not to a private party but to the [state]. . . . A citizen complainant has no substantive entitlements in this system, including no entitlement to a correct interpretation of the law, other than a right to court action on its application.'' (Citation omitted.) *Victory Distributors, Inc.* v. *Ayer Division of District Court Dept.*, supra, 435 Mass. 142–43.

In short, we conclude that the plaintiffs in error were not classically aggrieved by the trial judge's denial of their arrest warrant applications under § 9-368 because they do not have a specific, personal, and legal interest in the arrest of those who allegedly violate election laws.

The writ of error is dismissed.

In this opinion McDONALD, MULLINS, ALEXANDER and DANNEHY, Js., concurred.

ECKER, J., concurring in the judgment. I would dismiss on other grounds. The statute at issue, General Statutes § 9-368, provides that, when three electors submit a sworn, written complaint to a judge of the Superior

In re Criminal Complaint & Application for Arrest Warrant

Court, averring that a violation of the election laws has occurred in their town "and can be proved, such judge shall issue a warrant for the arrest of the accused." Although the duty to issue an arrest warrant appears to be mandatory if the statutory criteria are met, the majority dismisses the present writ of error on the ground that the plaintiffs in error[1] lacked "a judicially cognizable interest in the prosecution or nonprosecution of another." Part II of the majority opinion. The majority's conclusion is flawed because § 9-368 bestowed on the plaintiffs in error a judicially cognizable interest in the issuance of the requested arrest warrants. The plaintiffs in error were deprived of this statutory interest by the trial court's denial of their applications, and, therefore, they were classically aggrieved for the purpose of appellate review. I nevertheless conclude that the present writ of error must be dismissed because it is not the proper procedural vehicle by which to challenge the denial of an arrest warrant application filed in accordance with § 9-368. The plaintiffs in error were parties to the underlying proceeding who were aggrieved by the final judgment of the trial court, and appellate review is available only by means of a direct appeal under General Statutes § 52-263.[2] For this reason, I would dismiss the present writ of error without prejudice to the filing of a motion for permission to file a late appeal.[3]

[1] The plaintiffs in error are three electors in the city of Bridgeport: Diahann Phillips, Alison Scofield, and Albert Bottone.

[2] General Statutes § 52-263 provides that "[u]pon the trial of all matters of fact in any cause or action in the Superior Court, whether to the court or jury, or before any judge thereof when the jurisdiction of any action or proceeding is vested in him, if either party is aggrieved by the decision of the court or judge upon any question or questions of law arising in the trial, including the denial of a motion to set aside a verdict, he may appeal to the court having jurisdiction from the final judgment of the court or of such judge, or from the decision of the court granting a motion to set aside a verdict, except in small claims cases, which shall not be appealable, and appeals as provided in sections 8-8 and 8-9."

[3] In light of my conclusion, I need not address whether statutory aggrievement is a jurisdictional prerequisite to the filing of a writ of error. See part I of the majority opinion.

In re Criminal Complaint & Application for Arrest Warrant

A right of appellate review exists under § 52-263 if the appellant can "establish in the following sequence that: (1) it was a party to the underlying action; (2) it was aggrieved by the trial [court's] decision; and (3) the appeal is from a final judgment." *State* v. *Salmon*, 250 Conn. 147, 162–63, 735 A.2d 333 (1999). In contrast, appellate review is available by means of a writ of error "only . . . from a final judgment of the Superior Court to the Appellate Court" in cases involving, among other things, "a decision binding on an aggrieved nonparty . . . ." Practice Book § 72-1 (a) (1). One of the "primary distinction[s] between appeals and writs of error" is that "[a] writ of error is the means by which a nonparty may seek review of a final judgment," whereas "[a]n appeal is the means by which a party may seek review of a final judgment." *Redding Life Care, LLC* v. *Redding*, 331 Conn. 711, 726, 207 A.3d 493 (2019). The two avenues of relief, although similar, are mutually exclusive, and a writ of error cannot "be brought in any civil or criminal proceeding for the correction of any error where . . . the error might have been reviewed by process of appeal, or by way of certification . . . ." Practice Book § 72-1 (b) (1).

It is undisputed that this case arose from an "action" in the trial court that culminated in a final judgment. See *Board of Education* v. *Tavares Pediatric Center*, 276 Conn. 544, 555, 888 A.2d 65 (2006) ("[T]he word action means the lawful demand of one's right in a court of justice; and in this sense it may be said to include any proceeding in such a court for the purpose of obtaining such redress as the law provides. . . . It includes not only the usual civil action instituted by process but also proceedings initiated by petition . . . stipulation . . . or motion." (Citation omitted; emphasis omitted; internal quotation marks omitted.)); see also *In re Naturalization of Fordiani*, 98 Conn. 435, 444–45, 120 A. 338 (1923) (petition for naturalization is

action from which party who was denied relief may appeal); *Waterbury Blank Book Mfg. Co.* v. *Hurlburt*, 73 Conn. 715, 717–18, 49 A. 198 (1901) (arbitration proceeding entered into by stipulation and accepted by trial court was action from which "[an] appeal to the Superior Court was well taken"). I therefore focus my analysis on whether the plaintiffs in error (1) were parties to the underlying action, and (2) were aggrieved by the decision of the trial court.

"[T]he word party has a technical legal meaning, referring to those by or against whom a legal suit is brought . . . the party plaintiff or defendant, whether composed of one or more individuals and whether natural or legal persons." (Internal quotation marks omitted.) *State* v. *Salmon*, supra, 250 Conn. 154. In the present case, the plaintiffs in error initiated a judicial proceeding by filing with a judge of the Superior Court a complaint and arrest warrant application pursuant to § 9-368. See *State* v. *One or More Persons over Whom the Court's Jurisdiction Has Not Yet Been Invoked*, 107 Conn. App. 760, 767, 946 A.2d 896 (The plaintiff, who sought the return of certain seized property, was a party to the underlying action because he "initiated the underlying proceeding, actively participated in the proceeding and his rights were the subject of the proceeding. The legal interest that the plaintiff sought to vindicate and on which the court rendered judgment was central, not ancillary, to the proceeding."), cert. denied, 289 Conn. 912, 957 A.2d 880 (2008). Their application for relief complied with the statutory conditions and was in proper form, but the trial judge denied the requested relief on the ground that § 9-368 was unconstitutional.[4]

---

[4] The fact that there was no opposing party in the underlying proceedings does not render the trial judge's final decision on the application for relief unappealable under § 52-263. See, e.g., *In re Naturalization of Fordiani*, supra, 98 Conn. 445 (adverse decision on petition for naturalization was appealable final judgment, even though there was "in fact no adverse party").

In re Criminal Complaint & Application for Arrest Warrant

Under these circumstances, the plaintiffs in error clearly were parties to the underlying action.

As for aggrievement, it is well established that a party who initiates an action in the trial court is aggrieved for the purpose of seeking appellate review if he or she can (1) "demonstrate a specific personal and legal interest in the subject matter of the [trial court's] decision, as distinguished from a general interest shared by the community as a whole," and (2) "establish that this specific personal and legal interest has been specially and injuriously affected by the decision." (Internal quotation marks omitted.) *In re Allison G.*, 276 Conn. 146, 157, 883 A.2d 1226 (2005); see also General Statutes § 52-263 (focusing on aggrievement "*by the decision of the court or judge*" (emphasis added)). These requirements indisputably are met if a party to the underlying action had standing to seek relief in the trial court and the trial court denied the requested relief.[5] See *In re Ava W.*, 336 Conn. 545, 555–57, 248 A.3d 675 (2020)

---

[5] Our case law in the attorney grievance context is not inconsistent with this conclusion. Cf. footnote 9 of the majority opinion. A private citizen lacks standing to file an attorney grievance complaint in the trial court. See *D'Attilo* v. *Statewide Grievance Committee*, 329 Conn. 624, 642–44, 188 A.3d 727 (2018). Under the statutory scheme governing attorney grievance complaints, such complaints must be filed with the statewide bar counsel or the Statewide Grievance Committee. See General Statutes § 51-90e (a) (1); General Statutes § 51-90d (b) (1). If a complaint is dismissed by those decision makers following an investigation, there is no right of direct appeal to the trial court; nor is there a private right of action against them. See *D'Attillo* v. *Statewide Grievance Committee*, supra, 642–44. By contrast, the present case does not involve a statutorily authorized *administrative proceeding*; it involves a statutorily authorized *judicial proceeding* before a judge of the Superior Court. The plaintiffs in error initiated the present action pursuant to a statute that explicitly conferred on them the right to seek relief in the trial court for the violation of election laws. See General Statutes § 9-368. We may question whether it is a wise policy choice to grant electors statutory standing to seek arrest warrants in the trial court, but we cannot substitute our judgment for that of the legislature. See, e.g., *State* v. *Whiteman*, 204 Conn. 98, 103, 526 A.2d 869 (1987) ("[i]n areas [in which] the legislature has spoken . . . the primary responsibility for formulating public policy must remain with the legislature").

In re Criminal Complaint & Application for Arrest Warrant

(concluding that parent whose parental rights were terminated was aggrieved by trial court's decision denying posttermination visitation because she was party to underlying termination litigation who requested relief that was denied); *In re Allison G.*, supra, 161–65 (concluding that Commissioner of Children and Families was aggrieved by dismissal of her claim that minor child was neglected, even though commissioner prevailed on claim that minor child was uncared for, because she was party to underlying action whose request for relief partially was denied). Parties to an action who have been denied relief by the trial court suffer an injury distinct from other members of the community due to their party status and participation in the trial court proceedings, regardless of whether they would prevail on the merits of their underlying claims. See, e.g., *Connecticut Independent Utility Workers, Local 12924* v. *Dept. of Public Utility Control*, 312 Conn. 265, 276, 92 A.3d 247 (2014) (appellate aggrievement does not depend on party's ability to prevail "on the merits of the legal claim"); *Seymour* v. *Seymour*, 262 Conn. 107, 113, 809 A.2d 1114 (2002) ("[a]ggrievement . . . is a threshold jurisdictional issue that must be demonstrated independently of whether the trial" court's judgment was proper); *Healey* v. *Mantell*, 216 Conn. App. 514, 524, 285 A.3d 823 (2022) ("[a]ggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest . . . has been adversely affected" (internal quotation marks omitted)).

The plaintiffs in error were aggrieved by the decision of the trial judge because they were parties to the underlying action who had standing to request relief pursuant to § 9-368 and their request for relief was denied. As the majority points out, it is undisputed in this case that "§ 9-368 provides the plaintiffs in error standing to seek arrest warrant applications from a judge of the

In re Criminal Complaint & Application for Arrest Warrant

Superior Court.'' Part I of the majority opinion; see *Fort Trumbull Conservancy, LLC* v. *Alves*, 262 Conn. 480, 487, 815 A.2d 1188 (2003) (Statutory standing "exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory [standing], particular legislation grants standing to those who claim injury to an interest protected by that legislation.'' (Internal quotation marks omitted.)). By virtue of § 9-368, the plaintiffs in error had a specific, personal, and legal interest in the issuance of the requested arrest warrants. See General Statutes § 9-368; see also *Seymour* v. *Seymour*, supra, 262 Conn. 114 (party to underlying action is aggrieved if not awarded full relief sought). That interest was created by the legislature when it enacted § 9-368 approximately 150 years ago.[6] See General Statutes (1875 Rev.) tit. XX, ch. 13, pt. 1, § 8. The statute is old and today may very well be antiquated, obsolete, or even unconstitutional. But it has never been repealed, and this court is not at liberty to ignore the undeniable fact that its plain language expresses a legislative intention to confer standing on a defined class of persons—plainly including the plaintiffs in error— to seek and obtain an arrest warrant under specified conditions.

The statutory interest of the plaintiffs in error in the requested arrest warrants was injuriously affected by the trial judge's decision denying their application for relief. See, e.g., *In re Ava W.*, supra, 336 Conn. 557 (for purpose of appellate review, "the respondent suffered

---

[6] Although the legislature has made various technical amendments to § 9-368 over the years, it has not repealed the statute. See, e.g., Public Acts 1978, No. 78-280, § 1 (changing "county" to "judicial district"); Public Acts 1976, No. 76-436, § 163 (changing "court of common pleas" to "Superior Court"). Just this year, the legislature repealed "[a]ll special acts or provisions thereof inconsistent with" various statutes, including § 9-368. See General Statutes § 51-274. We must presume that the legislature acted intentionally by choosing to repeal statutes inconsistent with § 9-368 while leaving that statute intact.

In re Criminal Complaint & Application for Arrest Warrant

an injury as a result of the trial court's decision because the trial court denied her request for posttermination visitation''); *Wellswood Columbia, LLC* v. *Hebron*, 327 Conn. 53, 88, 171 A.3d 409 (2017) (appellant is aggrieved for purpose of appellate review when trial court denies appellant's request for relief). As a result, the plaintiffs in error were aggrieved by the decision of the trial judge, and appellate review is available. See *In re Wood*, 333 Pa. Super. 597, 600–601, 482 A.2d 1033 (1984) (concluding that private party had ''a right of appeal from the order of the trial judge disapproving his [private] criminal complaint'' because he ''was a party to the proceedings below'').

The majority concludes that the plaintiffs in error were not aggrieved by the decision of the trial judge because they lacked a judicially cognizable interest in the issuance of the requested arrest warrants. This contention overlooks the fact that § 9-368 confers statutory standing on the plaintiffs in error to seek and obtain the arrest warrants upon meeting the statutory criteria. Thus, although the majority is correct that a private citizen *ordinarily* lacks standing to seek the arrest of an individual for an alleged violation of criminal law, the legislature has enacted a statute that establishes ''legal rights, the invasion of which creates standing, even though no injury would exist without the statute.'' *Linda R. S.* v. *Richard D.*, 410 U.S. 614, 617 n.3, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973). By its own terms, *Linda R. S.* addresses the situation in which there is no ''statute expressly conferring standing'' on the plaintiff to seek and obtain an arrest warrant. Id., 617. Because there was no statue conferring standing on the petitioner to seek the arrest of the respondent for his failure to make child support payments, the United States Supreme Court held that the petitioner lacked ''standing to contest the policies of the prosecuting authority . . . .'' Id., 619; see id. 615–16. By contrast, in the pres-

In re Criminal Complaint & Application for Arrest Warrant

ent case, there is a statute—namely, § 9-368—that expressly confers standing on the plaintiffs in error, as electors in the relevant jurisdiction, to seek and obtain an arrest warrant for the alleged violation of election laws.

Unlike *Linda R. S.* and the other federal cases on which the majority relies,[7] the issue in this case is not whether the plaintiffs in error had standing in the trial court to commence the present action but, rather, whether they were aggrieved by the decision of the trial judge for the purpose of appellate review. As I previously explained, they were aggrieved by the decision of the trial judge because he denied them the very relief that they requested. It is not disputed that the plaintiffs in error had standing to seek judicial relief in the trial court; it necessarily follows that they were aggrieved for purposes of appeal when that relief was denied.

The majority asserts that § 9-368 grants the plaintiffs in error a right "to seek the issuance of an arrest warrant, and nothing more."[8] Footnote 8 of the majority opinion. It does so without addressing the mandatory language of the statute, which provides that the trial

[7] See *Leeke* v. *Timmerman*, 454 U.S. 83, 84, 102 S. Ct. 69, 70 L. Ed. 2d 65 (1981); *Younger* v. *Harris*, 401 U.S. 37, 42, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971); *Bailey* v. *Patterson*, 369 U.S. 31, 33, 82 S. Ct. 549, 7 L. Ed. 2d 512 (1962); *Poe* v. *Ullman*, 367 U.S. 497, 501, 81 S. Ct. 1752, 6 L. Ed. 2d 989 (1961). Likewise, the defendant in error, the state, relies on case law involving standing in the trial court, not appellate aggrievement. See *Lazar* v. *Ganim*, 334 Conn. 73, 84–92, 220 A.3d 18 (2019); *Monroe* v. *Horwitch*, 215 Conn. 469, 472–73, 576 A.2d 1280 (1990); *Kelly* v. *Dearington*, 23 Conn. App. 657, 662–63, 583 A.2d 937 (1990).

[8] The majority's conclusion as to the scope of relief available under § 9-368 cannot be reconciled with its assertion that "questions of statutory intent" are "outside the scope of the aggrievement inquiry presented by the parties in this appeal . . . ." Footnote 6 of the majority opinion. Inherent in and essential to the majority's resolution of the aggrievement issue is its determination that the rights embodied in § 9-368 "are limited to the filing of an application and court action on that application"; (internal quotation marks omitted) part II of the majority opinion; and "nothing more." Footnote 8 of the majority opinion.

In re Criminal Complaint & Application for Arrest Warrant

judge "shall issue" the warrant if the statutory prerequisites are met. General Statutes § 9-368. Rather than analyzing the language, history, or purpose of § 9-368, the majority relies on Massachusetts case law holding that a Massachusetts statute confers on private citizens only the procedural right to ask for an arrest warrant, not the substantive right to receive one, and that, once " 'the court responds to [the] application, the private party's rights have been satisfied.' " Part II of the majority opinion, quoting *In re Two Applications for a Criminal Complaint*, 493 Mass. 1002, 1004, 218 N.E.3d 641 (2023), cert. denied sub nom. *Waters* v. *Kearney*, U.S. , 144 S. Ct. 2694, L. Ed. 2d (2024). I find the Massachusetts authority cited by the majority unpersuasive. First, § 9-368 is markedly different from the Massachusetts statute because it appears to impose a *mandatory* duty on the trial court to issue an arrest warrant upon proper application,[9] whereas the Massachusetts statute imposes a *discretionary* duty. Compare General Statutes § 9-368 (trial court "*shall issue a warrant for the arrest of the accused*" (emphasis

---

[9] The plaintiffs in error argue that a proper arrest warrant application under § 9-368 includes a showing of probable cause, and I do not suggest otherwise. As the majority points out, the plaintiffs in error do not "maintain that their applications automatically mandated that the judge issue the arrest warrants . . . ." Footnote 8 of the majority opinion. Instead, they maintain that the trial court erred by denying their application on constitutional grounds without reaching the merits of whether probable cause existed to issue the requested arrest warrants.

To the extent that the majority implies that the plaintiffs in error concede that § 9-368 confers a mere procedural right to file an application for an arrest warrant and nothing more, this is mistaken. See id. In their brief to this court, the plaintiffs in error argue that the trial court should have reached the merits of their application and adjudicated whether there was probable cause to find that a violation of the election laws had occurred. In their request for relief in this court, the plaintiffs in error ask us to "apply the law (§ 9-368) and [to] restore public confidence in our institutions by reversing the trial [judge's decision] and remanding this case *for the issuance of* [*the*] *arrest warrants* . . . ." (Emphasis added.) The plaintiffs in error unquestionably claim that they were entitled to the issuance of the arrest warrants after demonstrating probable cause.

added)), with Mass. Ann. Laws c. 218, § 35A (LexisNexis 2011) (trial court "*may* upon consideration of the evidence . . . cause process to be issued" (emphasis added)). See generally *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 20, 848 A.2d 418 (2004) ("[d]efinitive words, such as must or shall, ordinarily express legislative mandates of a nondirectory nature," whereas word "may" ordinarily "imports permissive conduct and the conferral of discretion" (internal quotation marks omitted)). Second, § 9-368 authorizes the trial court only to issue an arrest warrant, leaving open the possibility that public authorities may decline to initiate a criminal prosecution after the issuance of the warrant, whereas the Massachusetts statute authorizes the trial court to issue a criminal complaint commencing a criminal action. See *Boston Globe Media Partners, LLC* v. *Chief Justice of the Trial Court*, 483 Mass. 80, 83–84, 130 N.E. 3d 742 (2019) (recognizing that Mass. Ann. Laws c. 218, § 35A, authorizes private citizen to apply "for a criminal complaint" in connection with "a person [who] has *not* been arrested or indicted" (emphasis in original)). Last, and perhaps most fundamental, regardless of Massachusetts law regarding aggrievement, as I discussed previously, under our precedent, a party whose request for relief has been denied by the trial court is aggrieved for the purpose of appellate review. The majority's conclusion otherwise "cannot be reconciled with established [Connecticut] law." *Connecticut Independent Utility Workers, Local 12924* v. *Dept. of Public Utility Control*, supra, 312 Conn. 276.

Based on the foregoing, my view is that the plaintiffs in error are aggrieved by the decision of the trial judge and had a statutory right of appeal under § 52-263. The problem remains that they did not file an appeal. They instead filed a writ of error. Although the difference under the present circumstances appears to me to be one of form rather than substance, this court has held

In re Criminal Complaint & Application for Arrest Warrant

that it lacks jurisdiction over a writ of error filed by a party with a right of appellate review under § 52-263. See *Micek-Holt* v. *Papageorge*, 326 Conn. 915, 920, 163 A.3d 1200 (2017) (dismissing writ of error because appellant was party to underlying action with right of appeal); *State* v. *One or More Persons over Whom the Court's Jurisdiction Has Not Yet Been Invoked*, supra, 107 Conn. App. 767–68 (same); see also Practice Book § 72-1 (b) (1). In accordance with this authority, the present writ of error must be dismissed.

The confusion of the plaintiffs in error as to the correct way to challenge the trial court's judgment is understandable. My research reveals only one case citing § 9-368 since its enactment more than 150 ago, and that case involved a damages action against the trial judge who presided over a criminal matter originating from the issuance of an arrest warrant under § 9-368, rather than an appeal from the denial of an arrest warrant application. See *Ferraiuolo* v. *Henchel*, 21 Conn. Supp. 445, 445–46, 156 A.2d 798 (1959). In their appellate brief to this court, the plaintiffs in error state that the statute is so old and "has been so rarely used in state history" that the trial court clerk's office initially seemed to be unaware of its existence and counsel for the plaintiffs in error himself "did not even know of it until it was brought to his attention in this case." Given the dearth of case law regarding § 9-368 and its manner of operation, I am not surprised that there was a legitimate misunderstanding as to the correct method of challenging the propriety of a trial judge's denial of an application for relief under the statute.

For the foregoing reasons, I would dismiss the writ of error without prejudice to the filing of a motion for permission to file a late appeal in the Appellate Court. See Practice Book § 60-2 (5) (late appeal may be filed "for good cause shown"). I express no opinion on the merits of such a motion should it be filed or the resolu-

tion of any of the constitutional issues that may be raised on direct appeal, if permitted. I conclude only that the plaintiffs in error were aggrieved by the trial judge's denial of their application for relief and that appellate review is available under § 52-263. Because I ultimately agree with the result reached by the majority but not its conclusion that the trial judge's decision is completely insulated from appellate review, I concur in the judgment.

————————————————